

to only those expenses incurred during the term of the policy. In the case at bar, there is no ambiguity as in *Houghton.* It is clear from the words of the policy that only expenses incurred while the insured is covered will be reimbursed. Greg Hamilton was not covered after 1 October 1981; therefore, expenses after that date need not be reimbursed. The insurer has paid expenses incurred prior to that date.

■ As in *Bartulis,* the coverage was not for expenses caused by injuries sustained during the life of the policy, but for expenses obtained during the life of the policy. *See, e.g.,* 218 N.E.2d at 226. Post termination coverage is limited to circumstances inapplicable to plaintiff. *Id.*

Plaintiff does not question defendant's right to terminate the insurance. The insurance was cancelled. The expenses for which plaintiff seeks reimbursement were incurred while the dependent was not covered.

The motions for summary judgment will be granted. Each side will bear its own costs.

Barry D. Roseman, David J. Mintz, Denver, Colo., for plaintiff.

James C. Fattor, Denver, Colo., for defendants-third party plaintiffs.

Adele Graham, Denver, Colo., for third party defendant.

Thomas BERNARD, Plaintiff,

v.

DELIVERY DRIVERS, et al., Defendants.

Civ. A. No. 83–C–393.

United States District Court, D. Colorado.

July 12, 1984.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Defendants have moved for summary judgment contending that the plaintiff's claims are barred by 29 U.S.C. § 160(b). In making this argument, the defendants rely on the Supreme Court's recent decision to apply § 160(b) to fair representation claims. *See Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Plaintiff's claims here are not fair representation claims, however, since they allege violations of his rights under 29 U.S.C. § 411. Congress has created a claim for relief in 29 U.S.C. § 412 for violations of § 411 rights. The Supreme Court's reasons for applying § 160(b) to fair representation claims are not directly applicable to

§ 412 claims. The *Del Costello* opinion cautioned trial courts not to deem that decision a repudiation, even in labor cases, of the long established rule that analogous state limitations statutes usually govern federal claims for which Congress has not enacted a federal statute of limitations.

Alternatively, the defendants argue that some portions of the plaintiff's claims are barred by Colorado one-year limitations periods for assault and battery, and for defamation. Recently, the Tenth Circuit decided that a uniform application of state statutes of limitation is appropriate for claims under 42 U.S.C. § 1983. *See Garcia v. Wilson,* 731 F.2d 640 (1984). Such an application appears appropriate for § 412 claims as well, especially in light of the analogy between constitutional rights protected by § 1983 and fundamental workers' rights protected by § 412.

Relying on *Garcia,* I conclude that Colorado's residuary statute of limitations should govern, and that a three-year limitations period applies to § 412 claims. Since it appears that the plaintiff filed his claims within three years from their accrual, the defendants' summary judgment motion must be denied.

Accordingly,

IT IS ORDERED that the defendants' and third-party plaintiffs' motions to dismiss, to stay, or for more definite statement are denied.

It is further ORDERED that the defendants' motion for summary judgment is denied.