Donald ROBINSON, Richard Hill, Charles M. Adams, James Wolfanger, Karl Rahn, and Ronald Fregara, Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant.

No. 84 Civ. 4094 (RWS).

United States District Court, S.D. New York.

March 20, 1985.

Bernstein & Arfa, New York City, for plaintiffs; Stephen G. Eisenberg, New York City, of counsel.

Ernest L. Garb, Richard Schoolman, Andrew M. Upton, New York City, for defendant.

SWEET, District Judge.

Plaintiffs Donald Robinson, Richard Hill, Charles Adams, James Wolfanger, Karl Rahn, and Ronald Fregara, former employees of defendant Pan American World Airways, Inc. ("Pan Am") brought this action pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "R.L.A.") asserting that they were dismissed because of their union organizing efforts in violation of § 2, Fourth of the R.L.A. Pan Am subsequently moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and for untimeliness. In an opinion dated November 6, 1984 and reported at 597 F.Supp. 1063 (S.D. N.Y.1984), this court granted the motion for failure to state a claim with respect to plaintiff Hill and denied the motion with respect to the remaining plaintiffs. Pan Am has now moved to renew its motion to dismiss the complaint on the grounds that it is untimely or in the alternative for reargument of that portion of the opinion discussing untimeliness. Despite the untimeliness of Pan Am's request, this court waived the requirements of Local Rule 3(j) governing the timeliness of motions for reargument and oral argument was heard on January 4, 1985. Upon consideration of counsel's arguments and the papers submitted by both parties, Pan Am's motion for reargument is denied.

In its motion, Pan Am takes issue with that portion of the prior opinion which declined to apply the six month statute of limitations in § 10(b) of the National Labor Relations Act that was applied in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) to the plaintiff's cause of action. In support of its motion, Pan Am cites recent cases suggesting that the *Del Costello* reasoning is applicable to more than just hybrid § 301/fair representation claims against employees and unions and also cites a case from the Eastern District of Michigan in which the District Court summarily applied *Del Costello* to a case in which the plaintiff was discharged in retaliation for union organizing activities in violation of the Railway Labor Act. *Atkins v. Zantop Int. Airlines, Inc.*, 18 Aviation Reptr. 18,290 (E.D.Mich. Aug. 28, 1984). In addition, it argues that there are particularly compelling reasons to treat R.L.A. claims uniformly because under the R.L.A. labor organizations may be certified to represent employees only in system-wide, national "crafts or classes," and that therefore the application of diverse state statutes would allow employees suing in different states on identical claims to wait different periods of time. Pan Am contends that this result would be inconsistent with the statutory scheme of the R.L.A.

Pan Am's arguments do not affect the reasoning of my prior opinion. That opinion did not hold *Del Costello* is applicable solely on the ground that this case is not a hybrid § 301/fair representation claim, although that position has been asserted by other courts, *see, e.g., Gordon v. Winpisinger*, 581 F.Supp. 234 (E.D.N.Y.1984), but instead held that unlike the situation in *Del Costello* this was not a case in which the state statute of limitations conflicted with the federal policy underlying the relevant substantive statute. As the Third Circuit noted in *Steelworkers Local 1397 v. USA*, 117 LRRM 3115 (1984), one of the cases cited by Pan Am in support of its motion, the *Del Costello* court based its decision on the "close similarity in policy considerations relevant to the choice of limitations

periods for an unfair labor practice charge and for a 'hybrid' section 301 action." 117 LRRM at 3117. In explaining its decision to apply the *Del Costello* reasoning to a suit brought under § 102 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 412 (1982), the Third Circuit summarized the *Del Costello* court's analysis of the policies underlying both unfair labor cases and hybrid § 301 cases as follows:

> In both situations, the federal labor policy in promoting stable bargaining relationships necessitates prompt resolution of disputes between an individual and his union or an individual and his employer, disputes that may affect the bargaining relationship between union and employer. This interest in prompt resolution, however, must be balanced in both situations against the individual employee's legitimate interest in attacking what he believes to be an unfair action taken against him. Recognizing that Congress adopted a six-month limitations period as an appropriate balance between these considerations in the unfair labor practice context, the Del Costello Court accepted that same balance for "hybrid" section 301 suits.

117 LRRM 3117. The *Del Costello* court found that this balance carried out the policies underlying the federal labor laws while application of the shorter state statutes would conflict with these policies.

■ As stated in the prior opinion, the application of the New York State statute of limitations in this case does not conflict with any of the policies underlying the relevant section of the R.L.A. Shortening the applicable limitations period would not carry out any of the policies of section 2, Fourth of the R.L.A. The fact that courts have been willing to apply *Del Costello* to situations other than cases involving hybrid § 301/fair representation claims, therefore, does not affect the reasoning of my prior opinion, since the reasoning of *Del Costello* seems equally applicable to any case in

which a state statute would be at odds with the purpose of substantive federal law. Because this case does not involve such a situation, however, *Del Costello* should not apply. *But see Atkins v. Zantop Int. Airlines, Inc., supra,* 18 Aviation Reptr. 18,-290 (E.D.Mich. Aug. 28, 1984).

Pan Am's arguments as to the necessity for uniformity in the limitations period relating to claims brought under section 2, Fourth of the R.L.A. are more compelling. Maintaining diverse statutes of limitations encourages forum shopping and allows inequities, and is at odds with "[t]he importance of uniformity in the labor law field." *See Del Costello,* 462 U.S. at 156, 103 S.Ct. at 2286; *Burnett v. Grattan,* —— U.S. ——, ——, n. 14, 104 S.Ct. 2924, 2931, n. 14, 82 L.Ed.2d 36 (1984). However, as I noted in my earlier opinion, the *Del Costello* court expressly stated that its decision "should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere." 462 U.S. at 156. Congress did not choose to impose a uniform statute of limitations on all federal labor cases or on all cases arising under section 2, Fourth of the R.L.A., and the court's decision in *Del Costello* was not a mandate to create by court order uniformity in the labor law field. Instead, the court's decision requires a rejection of a state limitations period only where it would conflict with relevant federal policy. Where, as here, the applicable state statutes would not conflict with the policies behind the enactment of section 2, Fourth of the R.L.A., it would be inappropriate to interfere with Congress' decision not to impose a uniform statute of limitations on such cases.

■ Pan Am has also requested that, in the event its motion for reargument is denied, this court signify that the timeliness question is suitable for interlocutory review pursuant to 28 U.S.C. § 1292. Although the specific question at issue in this opinion does not appear to have been ad-

dressed by this jurisdiction, at least one court has reached a different conclusion from the one that I have reached, *see Atkins v. Zantop Int. Airlines, Inc.*, 18 Aviation Reptr. 18,290 (E.D.Mich. Aug. 28, 1984), and the question of the scope of the *Del Costello* opinion has engendered considerable discussion. *Compare Steelworkers Local 1397 v. USA, supra*, 117 LRRM 3115 (3d Cir.1984) (applying § 10(b) limitation to suit under § 102 of LMRDA) and *Ranieri v. United Transp. Union*, 743 F.2d 598 (7th Cir.1984) (applying § 10(b) limitation to non-hybrid fair representation suit) *with Gordon v. Winpisinger*, 581 F.Supp. 234 (E.D.N.Y.1984) (*Del Costello* applicable only to hybrid § 301/fair representation claims) and *Bernard v. Delivery Drivers*, 587 F.Supp. 524, 525 (D.Co.1984) (*Del Costello* not applicable to LMRDA claims because of different policies). I conclude that the decision as to the applicable statute of limitations in cases arising under section 2, Fourth of the R.L.A. involves a controlling question of law as to which there is substantial ground for difference of opinion, and that because this question is dispositive, an immediate appeal from the order may materially advance the ultimate termination of the litigation.

For the reasons discussed above, Pan Am's motion for reargument is denied. Discovery shall be completed by September 3, 1985 and a joint pretrial order shall be submitted by September 12, 1985.

IT IS SO ORDERED.