Cleveland LADSON, Jr., Plaintiff,

v.

NEW YORK CITY POLICE DEPARTMENT, Robert McGuire, Former Commissioner, Arnold Kriss, former Deputy Trial Commissioner, Defendants.

No. 85 Civ. 979 (RWS).

United States District Court,
S.D. New York.

July 11, 1985.

Trevor L. Brooks, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; Michele Ovesey, Sherrie Brown, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant New York City Police Department ("NYPD") has moved to dismiss this case on the grounds that the case was commenced after the expiration of the relevant statute of limitations. The motion is granted.

**Facts**

Plaintiff Cleveland Ladson, Jr. ("Ladson") filed the complaint in this 42 U.S.C. § 1983 action on February 25, 1985, alleging that he was improperly suspended from his position as a New York City Police Officer after he accidentally shot someone on December 30, 1980. Ladson's official discharge from the Police Department oc-

curred on September 18, 1981. The complaint states that a departmental trial in June, 1981 led to a decision adverse to Ladson, and that he unsuccessfully appealed the departmental trial in an Article 78 proceeding in state court. The Article 78 proceeding ended on November 20, 1984, when the Appellate Division denied Ladson's renewed motion seeking leave to appeal to the Court of Appeals.

**Discussion**

■ In *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that for the purpose of selecting the proper state statute of limitations, § 1983 actions should be characterized as actions for personal injuries. New York CPLR § 214(5) establishes three years as the applicable limitation. The statute of limitation is calculated from the date of accrual of the cause of action, which in a § 1983 claim is "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir.1977), *cert. denied*, 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979). In this case the cause of action accrued on September 18, 1981, the date Ladson was discharged. The statute therefore expired on September 18, 1984, and the complaint, filed on February 25, 1985, was time-barred.

■ Ladson argues, however, that the statute of limitations was tolled during the pendency of an Article 78 proceeding in which he raised claims similar to those in his § 1983 action. In *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), however, the Court held that a federal court must look not only to the relevant state statute of limitations, but also to the state law governing the tolling of the statute. The *Tomanio* Court examined New York's tolling rules and concluded that:

> [n]o section of the law provides, however, that the time for filing a cause of action is tolled during the period in which a litigant pursues a related, but independent cause of action. If a plaintiff

wishes to pursue his claims in succession, rather than concurrently, the legislature has required the plaintiff to either obtain a judicial stay of the time for commencing an action, or to litigate at risk. See N.Y.C.P.L.R. § 204.

446 U.S. at 486, 100 S.Ct. at 1796. *See also Leigh v. McGuire*, 507 F.Supp. 458 (S.D.N.Y.1981) (finding that pending Article 78 proceeding did not toll statute of limitations for § 1983 action). The New York statute of limitations consequently was not tolled during the pendency of the Article 78 proceeding.

■ Finally, Trevor Brooks, attorney for Ladson, has submitted an affidavit stating that the failure to file the federal complaint until five months after the statute had run was a consequence of miscommunication between lawyer and client which "could be classified as justifiable law office failure." The assertion that the five month delay is therefore excusable is made without any citation to supporting law, and investigation has yielded no support for the proposition that failure to file an action within the proper period is excused by negligence of an attorney.

*Conclusion*

The action is barred by the relevant statute of limitations and is consequently dismissed. Entry of judgment will be stayed thirty days to permit the submission of any additional materials supporting the proposition that delay resulting from law office failure bars dismissal based on the statute of limitations. Submit judgment on notice in thirty days.

IT IS SO ORDERED.