Rocco TESTA, Kenneth Mehrtens, Roger Agli, Mike Babcock, Andre Bell, John Boone, Mario Graffeo, Beverly Head, Frank LaGonigro, John Van Orden, and Ken Schaumberg, Plaintiffs,

v.

Patrick GALLAGHER, individually and as Business Manager of Local 1, Utility Workers' Union of America; Robert Gallione, individually and as Business Agent of Local 1, Utility Workers' Union of America; Charles Boyle, individually and as Business Agent of Local 1, Utility Workers' Union of America; and Local 1, Utility Workers' Union of America, Defendants.

No. 85 Civ. 3918 (WCC).

United States District Court, S.D. New York.

Nov. 5, 1985.

Clifton & Schwartz, New York City (Arthur Z. Schwartz, of counsel), for plaintiffs.

Bochner & Berg, New York City (Stuart Bochner, of counsel), for defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiffs are members of Local 1 of the Utility Workers' Union of America ("Local 1" or "the union"). They commenced this action against the union, the union's business manager, and two of the union's business agents, alleging that defendants violated section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (1982), and section 101(a)(1) and (a)(2) of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(1), (a)(2) (1982) ("Title I"). In essence, the complaint alleges that defendants violated Local 1's By-Laws by failing to conduct elections for shop stewards when petitioned to do so by union members. Plaintiffs allege that defendants refused to conduct these elections as part of a scheme to prevent some of them from running for those positions and to suppress

criticism of the incumbent union leadership. Thus, plaintiffs allege that defendants denied them their rights to vote and speak freely as guaranteed by Title I of the LMRDA.

This matter is now before the Court on defendants' motion for summary judgment under Rule 56, Fed.R.Civ.P. Defendants contend that plaintiffs' claims under Title I of the LMRDA are barred by the applicable statute of limitations, which, relying on *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), they argue is the six-month limitations period of section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b) (1982). Plaintiffs, on the other hand, contend that *DelCostello* is not applicable here and argue that the relevant limitations period is the three-year New York statute of limitations used in federal civil rights actions. For the reasons stated below, I conclude that the three-year statute of limitations provides the appropriate limitation period in this case, and therefore deny defendants' motion for summary judgment.

*Discussion*

Like many other federal civil statutes, Title I of the LMRDA does not contain a statute of limitations. In such circumstances, federal courts usually apply or "borrow" a statute of limitations from an analogous source. As just noted, defendants rely on *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and argue that the six-month limitations period of section 10(b) of the NLRA should be applied here.

The issue in *DelCostello* was what limitations period to apply to a "hybrid" section 301/duty of fair representation suit brought by an employee against an employer under section 301 of the LMRA for breach of the collective bargaining agreement and against a union for breach of its duty of fair representation. The Court explained that where a federal statute does not contain a limitations period, federal courts ordinarily turn to analogous state law actions to find an appropriate limita-

tions period. *Id.* at 158–60, 103 S.Ct. at 2287–89. The Court stated, however, that the traditional approach was inappropriate for hybrid section 301/fair representation cases because no precise state law analogues exist. *Id.* at 163–69, 103 S.Ct. at 2289–93. Accordingly, the Court turned to federal law to find an appropriate limitations period. *Id.* at 169–71, 103 S.Ct. at 2292–94.

Guided by a number of concerns, the Court adopted the six-month period for filing unfair labor charges with the National Labor Relations Board contained in section 10(b) of the NLRA. The Court first noted that section 10(b)'s six-month period was appropriate because section 301/fair representation claims often involve conduct that amounts to an unfair labor practice. *Id.* at 170, 103 S.Ct. at 2293. Second, and more important, the six-month limitations period in section 10(b) took account of, in a way state law could not, the national interests in the maintenance of industrial peace, the rapid resolution of labor disputes, and the need for national uniformity in the regulation of labor relations. *Id.* at 171, 103 S.Ct. at 2294.

Defendants in this action contend that for the same reasons, the six-month limitations period of section 10(b) of the NLRA should apply to plaintiffs' claims under Title I of the LMRDA. There is support for defendants' argument in authorities from other circuits, *see Vallone v. Local Union No. 705, Int'l Bhd. of Teamsters,* 755 F.2d 520 (7th Cir.1985); *Local Union 1397, United Steelworkers of Am.,* 748 F.2d 180 (3d Cir.1984); *Erkins v. United Steelworkers of Am.,* 723 F.2d 837 (11th Cir.1984), *cert. denied,* ⸺ U.S. ⸺, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984), and in decisions of judges of the Southern and Eastern Districts of New York, *see McConnell v. Chauffeurs, Teamsters & Helpers Local 445,* 606 F.Supp. 460 (S.D.N.Y.1985); *Turco v. Local Lodge 5, Int'l Bhd. of Boilermakers,* 592 F.Supp. 1293 (E.D.N.Y.1984). However, there is also support in the decisions of district judges of this circuit for plaintiffs' contention that the three-year

New York statute of limitations applicable in federal civil rights actions should be applied in this case. *See Rodonich v. House Wreckers Union Local 95 of Laborers' Int'l Union of N. Am.*, No. 82 Civ. 5593 (JMC) (S.D.N.Y. Sept. 20, 1985); *Gordon v. Winpisinger*, 581 F.Supp. 234 (E.D. N.Y.1984); *see also Bernard v. Delivery Drivers*, 587 F.Supp. 524 (D.Colo.1984). Unfortunately, the Court of Appeals for the Second Circuit has not specifically addressed this question.

However, the court of appeals has recently stated twice its view that *DelCostello* should be narrowly construed. In *O'Hare v. General Marine Transp.*, 740 F.2d 160 (2d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1181, 84 L.Ed.2d 329 (1985), the court rejected an argument that the six-month limitations period adopted in *DelCostello* should be applied generally to suits under section 301 of the LMRA for breach of collective bargaining agreements. The court stated that *"the* DelCostello *holding turns on the particular nature of the duty of fair representation action, and cannot reasonably be expanded to all section 301 claims that involve facts which might also have established an unfair labor practice charge." Id.* at 168 (emphasis added). Instead, the court applied the six-year New York statute of limitations for breach of contract.

Similarly, in *Monarch Long Beach Corp. v. Soft Drink Workers, Local 812, Int'l Bhd. of Teamsters*, 762 F.2d 228 (2d Cir. 1985), the court rejected a contention that the six-month limitations period of section 10(b) of the NLRA should be applied to an action under section 303 of the LMRA to recover damages for a union's secondary boycott. The court explained that the "policy considerations that influenced the *DelCostello* Court were rooted in the facilitation and protection of 'those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it.' " *Id.* at 231 (quoting *DelCostello*, 462 U.S. at 162–63, 103 S.Ct. at 2289–90). The court of appeals stated that

> Section 303 suits simply do not implicate the same concerns. Although it depends on the commission of an unfair labor practice by the union, specifically a secondary boycott, the section 303 cause of action involves parties who are otherwise completely unrelated. The dispute upon which liability is predicated is not a collective bargaining dispute; it does not arise within the context of a labor-management relationship. Labor peace will not be disrupted if section 303 suits are not rapidly resolved.

*Id.* The court went on to note that the Supreme Court itself had cautioned that its holding in *DelCostello* should not be taken as a departure from the prior practice of borrowing statutes of limitation from state law, and that it should not be interpreted " 'to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy.' " *Id.* at 231 (quoting *DelCostello*, 462 U.S. at 171, 103 S.Ct. at 2294). Thus, the court of appeals concluded that the Supreme Court's

> own language supports our conclusion that *DelCostello* should be narrowly construed. *The particularized circumstances of the hybrid section 301/duty of fair representation suit, which inevitably involve an immediate and direct impact on labor-management relations, demarcate the limits of* DelCostello*'s reach.*

*Id.* (emphasis added).

■ The court of appeals' narrow construction of *DelCostello* persuades me that I should apply New York's three-year statute of limitations here and not the six-month limitations period of section 10(b) of the NLRA. As the court of appeals explained in *Monarch*, the Supreme Court's principal concern in *DelCostello* was the quick resolution of labor-management disputes in order to preserve labor peace. But, as with the secondary boycott claim under section 303 of the LMRA at issue in *Monarch*, plaintiffs' claims under Title I of the LMRDA do not implicate that concern.

Unlike a hybrid section 301/fair representation action, plaintiffs' claims here are not against the union and the employer, but only against the union. Thus, as in *Monarch*, "[t]he dispute upon which liability is predicated is not a collective bargaining dispute; it does not arise within the context of a labor-management relationship." *Monarch*, 762 F.2d at 231. In other words, since this is an intra-union dispute with no "immediate and direct impact on labor-management relations," it does not fall within the "particularized circumstances" that "demarcate *DelCostello*'s reach." *Id.* Accordingly, as did the court of appeals in *Monarch*, I think it appropriate to turn to sources other than section 10(b) of the NLRA to find a more appropriate analogue from which to borrow a limitations period.

■ In this regard, I agree with plaintiffs that the closest analogues to claims under Title I of the LMRDA are actions for violation of federal civil rights laws. Title I delineates the rights of union members with respect to their union, and was intended as a bill of rights for union members similar to that of the Constitution. *See United Steelworkers of Am. v. Sadlowski*, 457 U.S. 102, 109–12, 102 S.Ct. 2339, 2344–46, 72 L.Ed.2d 707 (1982). Thus, a claim under Title I is closely analogous to, for example, an action under 42 U.S.C. § 1983 (1982) for violation of one's constitutional rights. Since the two kinds of claims are so similar, I believe it appropriate to borrow the statute of limitations applicable to federal civil rights actions.

The Court of Appeals for the Second Circuit has traditionally held that federal civil rights actions in New York are limited by the three-year statute of limitations of New York Civil Practice Law and Rules ("CPLR") § 214(2), N.Y.Civ.Prac.Law § 214(2) (McKinney Supp.1984–85). *See Keating v. Carey*, 706 F.2d 377, 382 (2d Cir.1983); *Pauk v. Board of Trustees*, 654 F.2d 856, 861–62 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). However, in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that state statutes of limitations for personal injury actions should apply to federal civil rights actions. In New York, that is the three-year statute of CPLR § 214(5), N.Y. Civ.Prac.Law § 214(5) (McKinney Supp. 1984–85). Accordingly, I apply the three-year period of § 214(5) to plaintiffs' claims under Title I of the LMRDA.

There is no dispute that under a three-year statute of limitations, plaintiffs' claims are not time-barred. Therefore, for the reasons stated above, defendants' motion for summary judgment is denied, and the parties are directed to appear for a pretrial conference on Tuesday, November 12, 1985 at 9:45 A.M. in Room 1902.

SO ORDERED.