**Tom U.U. OKURE, Plaintiff,**

v.

**Javan OWENS and Daniel G. Lessard, Defendants.**

No. 85–CV–1483.

United States District Court, N.D. New York.

Jan. 23, 1986.

Sullivan, Rehfuss, Cunningham & Brennan, Albany, N.Y., for plaintiff; Joseph M. Brennan, of counsel.

Robert Abrams, Atty. Gen., Albany, N.Y., for defendants; Eileen E. Bryant, Asst. Atty. Gen., of counsel.

### MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiff brings the present action under 42 U.S.C. § 1983 seeking damages for the alleged violation of plaintiff's constitutional rights. Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below the court denies defendants' motion.

### BACKGROUND

On January 27, 1984, defendants arrested plaintiff for disorderly conduct on the premises of the State University of New York in Albany, New York. Defendants are members of the State University Police. Plaintiff filed the present complaint on No-

vember 13, 1985. The complaint alleges that defendants violated plaintiff's constitutional rights by arresting him without cause and beating him. Plaintiff seeks $50,000 in damages.

Defendants have moved to dismiss the complaint on the ground that it is time-barred. They contend that the statute of limitations in the present action is one year under the New York Civil Practice Law and Rules § 215(3).

### DISCUSSION

Where Congress fails to provide a limitations period for a federal cause of action, the courts will generally apply the state statute of limitations for the most analogous state action, as long as the state law does not conflict with federal law or policy. *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *Burnett v. Grattan,* 468 U.S. 142, 104 S.Ct. 2924, 2929, 82 L.Ed.2d 36 (1984); *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). No specific statute of limitations exists for 42 U.S.C. § 1983 claims. Accordingly, the courts have interpreted 42 U.S.C. § 1988 to require application of the most analogous state statute of limitations. *See eg. Wilson,* 105 S.Ct. at 1942–43; *Burnett,* 104 S.Ct. at 2929.

Prior to *Wilson* the rule was settled that New York's three-year statute of limitations for actions to recover upon a liability created by statute, N.Y.Civ.Pract.Law § 214(2) (McKinney 1972 & Supp. 1984–85), applied to § 1983 actions brought in New York. *Pauk v. Board of Trustees of City University of New York,* 654 F.2d 856 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). However, the rule established in *Pauk* is no longer valid. In *Wilson* the Supreme Court affirmed the Tenth Circuit Court of Appeal's determination that New Mexico's statute of limitations for actions under the State's Tort Claim Act should not apply to § 1983 claims. The Supreme Court held that all § 1983 claims should be character-

ized for limitations purposes as personal injury actions. *Wilson*, 105 S.Ct. at 1949.

Under New York law the general statute of limitations for actions to recover for personal injury is three years. N.Y.Civ. Pract.Law § 214(5). However, New York has a separate, one-year statute for actions to "recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the (New York) civil rights law". N.Y.Civ.Pract.Law § 215(3). Defendants contend that § 215(3), governing the above intentional torts, is the most appropriate New York statute of limitations for § 1983 claims. In support of their position defendants emphasize that the civil rights statutes grew out of the Klu Klux Klan's violent activities.

The court believes that defendants have misconstrued the Supreme Court's intent in *Wilson*. In selecting a general characterization for all § 1983 claims, the Supreme Court was concerned with "uniformity, certainty, and minimization of unnecessary litigation". The Court intended to ensure that the one most appropriate statute of limitations in each state would be applied to all § 1983 claims and that the borrowed limitations period would "not discriminate against the federal civil rights remedy". *Wilson*, 105 S.Ct. at 1947. In choosing a uniform characterization the Supreme Court recognized that "(a)lmost every § 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action, each of which may be governed by a different statute of limitations." *Id.* at 1945. The Court also noted, "When § 1983 was enacted, it is unlikely that Congress actually foresaw the wide diversity of claims that the new remedy would ultimately embrace." *Id.* at 1946. For example, the plaintiff's § 1983 claim in *Wilson*, as in the present action, could be characterized as a state tort claim for false arrest, assault and battery, or personal injury. It could also be viewed generally as a claim arising from a statute or from the state's specific statute governing state agents' torts. The Supreme Court further

emphasized the broad scope of § 1983 claims by stating:

A catalog of other constitutional claims that have been alleged under § 1983 would encompass numerous and diverse topics and subtopics: discrimination in public employment on the basis of race or the exercise of First Amendment rights, discharge or demotion without procedural due process, mistreatment of schoolchildren, deliberate indifference to the medical needs of prison inmates, the seizure of chattels without advance notice or sufficient opportunity to be heard—to identify only a few. If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim.

*Id.* *See also Id.* at 1946 n. 31 (quoting Justice Blackmun's discussion of other causes of action that have been alleged under § 1983).

Section 215(3) of the New York Civil Practice Law and Rules is a narrowly drawn statute which is applicable only to certain intentional torts. Although the present action may arise, at least in part, from an assault and battery, application of § 215(3) would characterize all § 1983 claims as intentional tort claims for assault, battery, false imprisonment, malicious prosecution, libel, or slander. In *Wilson* the Supreme Court rejected such a narrow approach. The Court stated, "In this light, practical considerations help to explain why a simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose." *Id.* at 1945. Having noted that "the § 1983 remedy encompasses a broad range of potential tort analogies, from injuries to property to infringments of individual liberty" and that the Forty-Second Congress would probably have characterized § 1983 "as conferring a general remedy for injuries to personal rights", *Id.* at 1948, the Court stated:

The characterization of all § 1983 actions involving claims for personal injuries minimizes the risk that the choice of a state statute of limitations would not fairly serve the federal interests vindicated by § 1983. *General personal injury actions,* sounding in tort, constitute a major part of the total volume of civil litigation in the state courts today, and probably did so in 1871 when § 1983 was enacted. It is most unlikely that the period of limitations applicable to such claims ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect. (emphasis added)

*Id.* at 1949. Accordingly, the Supreme Court chose to characterize § 1983 claims broadly in terms of general personal injury actions and not in terms of a specific type of intentional tort, as defendants advocate. Section 214(5) of the New York Civil Practice Law and Rules is New York's statute of limitations for general personal injury actions and is the most appropriate limitations period to apply to § 1983 claims.

Moreover, the court may not borrow a state limitations period for a federal cause of action which conflicts with federal policy. The central objective of the civil rights statutes is to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief. *Burnett,* 104 S.Ct. at 2932. The Supreme Court has stated:

§ 1983 provides "a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation." *Mitchum v. Foster,* 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972). The high purposes of this unique remedy make it appropriate to accord the statute "a sweep as broad as its language."

*Wilson,* 105 S.Ct. at 1945. To characterize all § 1983 claims as personal injury actions arising from assault, battery, false imprisonment, malicious prosecution, libel, or slander and to apply the one-year statute of limitations of New York Civil Practice Law and Rules § 215(3) would improperly restrict the scope of § 1983 and controvert federal policy.

This court's decision also follows the practice of the other courts in this circuit. Since the Supreme Court decided *Wilson,* the federal courts in the Second Circuit have been applying to civil rights claims New York's three-year statute of limitations for general personal injury actions. *See e.g. Testa v. Gallagher,* 621 F.Supp. 476 (S.D.N.Y.1985); *Grinan v. Willowbrook Developmental Center,* No. 84–CV–2769, slip op. (S.D.N.Y. Oct. 17, 1985); *Ladson v. New York City Police Department,* 614 F.Supp. 878, 879 (S.D.N.Y.1985); *Rodrigues v. Village of Larchmont,* 608 F.Supp. 467, 476–77 (S.D.N.Y.1985); *Snell v. Suffolk County,* 611 F.Supp. 521, 524 (E.D.N.Y.1985); *Williams v. Allen,* 616 F.Supp. 653, 655 (E.D.N.Y.1985). Defendants are unable to cite one case in this circuit which has used a different limitations period.

Accordingly, the court holds that the correct limitations period to apply in civil rights actions is New York's three-year statute of limitations for general personal injury actions, N.Y.Civ.Pract.Law § 214(5). The present action accrued on January 27, 1984. Plaintiff filed his complaint on November 13, 1985, well within the three-year limitations period. Because the present complaint is timely, defendants' motion to dismiss is denied.

IT IS SO ORDERED.