Edgar SAUNDERS, Plaintiff,

v.

The STATE OF NEW YORK, the Division of State Police of the State of New York, the County of Rensselaer, the Rensselaer County Sheriff's Department, Eugene Eaton, individually and in his capacity as Sheriff of Rensselaer County, Robert Krogh, individually and in his capacity as Under-Sheriff of Rensselaer County, Emmanuel Ned, individually and in his capacity as an investigator in the Rensselaer County Sheriff's Department, William Pokeda, individually and in his capacity as an investigator in the Rensselaer County Sheriff's Department, Various Employees of the Rensselaer County Sheriff's Department, Who are at this Time, Unknown, individually and in their official capacities as members of the Rensselaer County Sheriff's Department, Richard Crist, individually and in his capacity as an investigator in the Division of State Police of the State of New York, Michael Cryan, individually and in his capacity as an investigator in the Division of State Police of the State of New York, Gerald Looney, individually and in his official capacity as an employee of the Division of State Police of the State of New York and Various Employees of the Division of State Police of the State of New York, individually and in their official and/or supervisorial capacities as employees of the Division of State Police of the State of New York, Defendants.

No. 85–CV–393.

United States District Court,
N.D. New York.

March 5, 1986.

Jerome K. Frost, Troy, N.Y., for plaintiff.

Horigan, Horigan, Pennock & Lombardo, Amsterdam, N.Y., for defendants Rensselaer County, Rensselaer County Sheriff's Dept., Eugene Eaton, Robert Krogh, Emmanuel Ned and William Pokeda, Thomas V. Blaber, of counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y., for defendants State of N.Y. and Div. of State Police, C. Michael Reger, Asst. Atty. Gen., of counsel.

## OPINION

MUNSON, Chief Judge.

This action arises from a state criminal case in which the plaintiff, Edgar Saunders, was tried and acquitted. The complaint was filed on March 21, 1985. It asserts claims based on events between March 21, 1982, when Saunders was first interrogated, and November 11, 1983, when he was acquitted. Saunders alleges that the defendants wrongfully arrested and im-prisoned him, denied him the right to counsel during the investigation, coerced him into confessing to the crimes, tampered with evidence, lost exculpatory evidence, and falsely charged him. He bases his claims on 42 U.S.C. § 1983 and on various other federal statutes, New York statutes, and common-law tort remedies. The defendants move to dismiss the § 1983 claims as barred by the statute of limitations.

Relying on *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the defendants argue that the court should apply a one-year statute of limitations to Saunders's claims under 42 U.S.C. § 1983. In *Wilson v. Garcia* the Supreme Court held:

1. A single state statute of limitations must apply to all § 1983 claims brought in a given state. 105 S.Ct. at 1943–44.

2. Federal standards must govern the characterization of § 1983 claims for the purpose of choosing an analogous state statute of limitations. *Id.*, 105 S.Ct. at 1944–47.

3. Section 1983 claims are best characterized as personal injury claims, and personal injury statutes of limitations should be applied to § 1983 claims. *Id.* at 1947–49.

4. Application of New Mexico's three-year personal injury statute of limitations to § 1983 actions would "not discriminate against the civil rights remedy." *Id.* at 1947. *See also id.* at 1942–43, 1949.

Before *Wilson v. Garcia*, the Court of Appeals for the Second Circuit had adopted CPLR § 214(2), which sets a three-year limitation on actions to recover on a liability imposed by statute, as the New York statute of limitations most analogous to § 1983 actions. *See Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). *Wilson v. Garcia* dictates replacement of CPLR § 214(2) with a personal injury statute of limitations. New York has two such statutes. CPLR § 215(3) cov-

ers intentional torts,[1] and CPLR § 214(5) covers personal injury actions in general.[2] In light of § 215(3), § 214(5) applies to negligent and reckless torts. New Mexico, on the other hand, has one statute of limitations for all personal injury actions. *See* 105 S.Ct. at 1941. Therefore, *Wilson v. Garcia* does not determine which of New York's two personal injury statutes of limitations applies to § 1983 actions.

The Court of Appeals' reasoning in *Pauk* foreshadowed the Supreme Court's reasoning in *Wilson v. Garcia* in all respects except the statute of limitations chosen as most analogous to § 1983 claims. First, the Court of Appeals held that § 1983 claims must have one period of limitation. *See Pauk,* 654 F.2d at 862, 866 (cited with approval in *Wilson v. Garcia,* 105 S.Ct. at 1947 n. 34). Second, the court held that federal standards must govern the characterization of § 1983 claims. *See Pauk,* 654 F.2d at 865–66 (cited with approval in *Wilson v. Garcia,* 105 S.Ct. at 1944 n. 22). Finally, the court adopted CPLR § 214(2) only after deciding that its three-year period of limitation would not discriminate against the federal remedy. *See Pauk,* 654 F.2d at 862, 866. Therefore, *Pauk* needs to be reconsidered only to the extent of deciding which of New York's two personal injury statutes of limitations better compares with § 1983 actions and serves the federal interest in providing a federal civil rights remedy.

In describing the legislative history of the Civil Rights Act of 1871, *Wilson v. Garcia* pointed out that in enacting § 1983, Congress sought to combat "the campaign of violence and deception in the South, fomented by the Ku Klux Klan, which was denying decent citizens their civil and political rights." 105 S.Ct. at 1947. Local authorities were in part unable and in greater part unwilling to stop the Klan and others responsible for this campaign, and § 1983 was intended to provide a remedy against the local authorities for their complicity. *See id.* at 1947. According to this description, the acts that were the target of § 1983 are better characterized as intentional torts than as negligent or reckless torts. *See Jones v. Preuit & Mauldin,* 763 F.2d 1250, 255–56 (11th Cir.1985) (applying statute of limitations for intentional torts to § 1983 actions); *Gates v. Spinks,* 771 F.2d 916, 919–20 (5th Cir.1985) (same). This conclusion is further supported by the Supreme Court's recent holding that negligence by a state official is insufficient to establish a § 1983 due process claim. *See Daniels v. Williams,* — U.S. —, 106 S.Ct. 662, 88 L.Ed.2d 662, (1986). Therefore, the statute of limitations for intentional torts, CPLR § 215(3), is the most analogous statute of limitations to apply to § 1983 claims.

It must now be determined whether CPLR § 215(3)'s one-year period of limitations is long enough to serve the interest in providing a federal remedy for civil rights violations. The Second Circuit considered this question in *Pauk* with regard to a one-year-and-ninety-day statute of limitations:

> A federal court, searching for an analogous state limitations period for a § 1983 suit, should not select any period shorter than the two years Congress has specified as the time within which notice must be given of claims against the United States for unlawful actions by federal law enforcement officers.... That expression of federal policy should establish a floor for the limitations period of § 1983 suits, so many of which concern similar conduct by state law enforcement officers.

---

**1.** "The following actions shall be commenced within one year: ... an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law...." CPLR § 215(3) (McKinney's 1972).

**2.** "The following actions must be commenced within three years: ... an action to recover damages for a personal injury except as provided in sections 214–b and 215...." CPLR § 214(5) (McKinney's Supp.1986).

654 F.2d 862. As explained above, *Pauk's* reasoning on this issue survives the Supreme Court's decision in *Wilson v. Garcia.* Therefore, under the law of this circuit, the one-year period of limitations in CPLR § 215(3) is too short to provide an effective federal remedy. Although CPLR § 214(5), the negligence statute of limitations, is not as close an analogue to § 1983 actions as § 215(3), the three-year period of limitation in § 214(5) better serves the interest in providing a federal civil rights remedy and should be applied to § 1983 actions. Accordingly, Saunders brought his § 1983 claims within the period of limitations.