Carol **BRANDMAN**, Plaintiff,

v.

**NORTH SHORE GUIDANCE CENTER, et al, Defendants.**

No. CV 84–0098.

United States District Court, E.D. New York.

June 20, 1986.

Arnold B. Firestone, Hauppauge, N.Y., for plaintiff.

Quirk & Bakalor, New York City, for defendants North Shore Child Guidance Center, Greene & Levine.

Axelrod, Cornachio, Famighetti & Capetola by Michael E. Axelrod, J. Russell Clune, Mineola, N.Y., for defendants Cross, Walsh and Old Westbury Police Dept.

Edward T. O'Brien, Nassau Co. Atty. by Scott F. Guardino, Mineola, for defendants Nassau County, Mihalik, Tierney, Bennett & McGraw.

Garbarini, Scher & DeCicco, P.C., New York City, for defendant Golub.

Robert Abrams, N.Y. State Atty. Gen. by David Smith, Mineola, for defendants Singh, McGraw, Chaudhary, Goldstein, Del Costello, Pilgrim State Psychiatric Center & State of N.Y.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff brings this action alleging that she was involuntarily and unjustifiably confined at Pilgrim State Psychiatric Center for approximately three days in September, 1982. In a Memorandum and Order dated January 31, 1986, this Court denied defendants' motion to dismiss plaintiff's complaint insofar as it alleged a violation of civil rights under color of state law, 42 U.S. § 1983, but granted the motion to dismiss the remaining counts in the complaint, with leave to amend within sixty days. The Court also dismissed the entire complaint as to defendant State of New York as barred by the Eleventh Amendment.

Plaintiff then filed an amended complaint which sets forth only a claim predicated upon § 1983. Defendants Singh, Chaudhary, Goldstein, and Del Costello (the "State Defendants") have now moved to dismiss the amended complaint on the grounds that (a) the amended complaint fails to state a claim upon which relief can be granted; (b) plaintiff is precluded from suing these defendants since she has also chosen to pursue state remedies; and (c) plaintiff's action is barred by the statute of limitations. The other defendants have filed motions to dismiss adopting the statute of limitations argument presented in the State Defendants' Memorandum of Law in Support of Motion to Dismiss.[1] Plaintiff opposes these motions.

Defendants argue that plaintiff has failed to state a cognizable claim under § 1983. The allegations of deprivation of civil rights contained in plaintiff's amended complaint, however, are essentially those alleged in her original complaint. In its January 31, 1986 Memorandum and Order, the Court held that plaintiff's complaint stated facts and circumstances that reasonably make out a violation of constitutional rights by persons acting under color of state law and that plaintiff had alleged facts that might entitle her to relief under § 1983. Defendants have essentially attempted to place before the Court an argument that the Court has previously reject-

---

**1.** Defendant Sheldon Golub argues not only that plaintiff's claim against him is barred by the statute of limitations, but also that plaintiff has failed to state a claim against him and has not alleged facts sufficient to convey upon the Court subject matter jurisdiction over the case.

ed. The Court again rejects the argument.[2]

Defendants claim that plaintiff's pursuit of judicial remedies in both federal and state forums should somehow preclude her federal action. An action under § 1983 for violations of civil and constitutional rights is available whether or not such an action duplicates a parallel state remedy, *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and § 1983 does not require exhaustion of possible state remedies, *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Monroe*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. The fact that plaintiff has also filed a state court action against the State of New York, whom the Court dismissed as a party defendant in the instant action, in no way affects plaintiff's right to proceed with her § 1983 claim.

Defendants' statute of limitations argument is of more substance. § 1983 does not itself contain a limitations provision. In *Pauk v. Board of Trustees of the City University of New York*, 654 F.2d 856 (2d Cir.1981), the Second Circuit held that the three year limitations period of N.Y. Civ.Prac.Law § 214(2), which governs actions "to recover upon a liability, penalty or forfeiture created or imposed by statute," applies to § 1983 suits brought in New York. In *Wilson*, however, the Supreme Court held that state statutes of limitations governing claims for personal injury should control § 1983, thus effectively overruling *Pauk*.

New York law provides three different limitations periods for personal injury suits. N.Y.Civ.Prac.Law § 214(5) requires that "an action to recover damages for a personal injury except as provided in sections 214-b and 215" be commenced within three years. N.Y.Civ.Prac.Law § 214-b applies a special two year limitations period for Vietnam veterans exposed to Agent

Orange. N.Y.Civ.Prac.Law § 215(3) places a one year limitation upon actions "to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right to privacy...." Under *Wilson*, however, a single state statute of limitations must control all § 1983 cases brought within that state. 105 S.Ct. at 1947.

Defendants contend that § 215(3), which by its terms covers intentional torts, provides the most appropriate state statute of limitations for § 1983 actions commenced in New York. Defendants, citing *Wilson's* discussion of the history of § 1983, 105 S.Ct. at 1947–48, note that the Civil Rights Act of 1871 was enacted as an attempt to protect civil and political rights which were quite deliberately, intentionally, and systematically being violated by groups such as the Ku Klux Klan with the acquiescence of local authorities. Defendants conclude that the limitations provision governing intentional torts is therefore the "most analogous," *Tomanio*, 446 U.S. at 488, 100 S.Ct. at 1797, statute and should be applied to § 1983 actions.

The Second Circuit has not yet directly ruled on the issue of which New York statute of limitations is applicable to § 1983 actions in light of *Wilson*. In *Villante v. Department of Corrections of the City of New York*, 786 F.2d 516, 520 n. 2 (2d Cir.1986), however, the Second Circuit noted that the application of § 214(5), New York's general tort limitations provision, seems to be mandated by *Wilson*. Furthermore, each of the District Court cases that has considered the question has concurred with the Second Circuit's apparent inclination toward § 214(5).

*Okure v. Owens*, 625 F.Supp. 1568 (N.D. N.Y.1986), for example, concluded that § 215(3) could only be applied to § 1983 cases as a result of an unduly restrictive reading of the federal civil rights statute.

---

**2.** This ruling applies equally to the arguments presented by the State Defendants and by Go-

lub.

*Okure* noted that § 215(3) is a narrowly drawn statute which governs only certain delineated intentional torts; § 1983, on the other hand, supplies a general remedy for a broad range of various injuries. The court quoted the Supreme Court's statement in *Wilson* that:

§ 1983 provides "a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation." The high purposes of this unique remedy make it appropriate to accord the statute "a sweep as broad as its language." 105 S.Ct. at 1945 (citations omitted).

625 F.Supp. at 1571.

*Green v. Coughlin,* 633 F.Supp. 1166 (S.D.N.Y.1986), similarly stressed the latitude provided by § 1983 and the reluctance of courts unduly to restrict the availability of remedies under the Civil Rights Act of 1871. Holding that the one year statute of limitations provided by § 215(3) could not be appropriately applied to § 1983 actions, Judge Goettel observed that the Second Circuit had indicated in *Pauk* that, in determining which limitations period should govern § 1983 actions, a federal court should not select any period shorter than the two year period Congress had specified as the time within which notice must be given of claims against the United States for unlawful actions by federal law enforcement officers. 28 U.S.C. §§ 1346(b), 2680(h). 654 F.2d at 862. *Cf. Saunders v. New York,* 629 F.Supp. 1067 (N.D.N.Y.1986) (§ 215(3) is most analogous statute but is too short to serve federal interest in providing effective remedy for civil rights).

The other reported cases applying New York's statute of limitations to § 1983 actions, while failing to provide much analysis as to the relationship between § 1983 actions and New York's limitations provisions, are at one with the holding of *Okure, Green,* and *Saunders* that § 214(5)'s three year period governs such federal actions. *See, e.g., Radonich v. House Wreckers Union Local 95 of Laborers' International Union of North America,* 624 F.Supp. 678 (S.D.N.Y.1985); *Testa v. Gallagher,* 621 F.Supp. 476 (S.D.N.Y.1985); *Williams v. Allen,* 616 F.Supp. 653 (E.D.N.Y.1985); *Ladson v. New York City Police Department,* 614 F.Supp. 878 (S.D.N.Y.1985); *Snell v. Suffolk County,* 611 F.Supp. 521 (E.D.N.Y.1985), *affirmed on other grounds,* 782 F.2d 1094 (2d Cir.1986); *Rodrigues v. Village of Larchmont,* 608 F.Supp. 467 (S.D.N.Y.1985).

It is this Court's conclusion that § 214(5) does indeed supply the most appropriate limitations period for § 1983 actions. As *Okure* observed, § 215(3) sets forth specific tort actions as to which a one year limitation should apply. § 214(5), in contrast, is New York's general personal injury statute and, as such, governs all personal injury actions except for the limited class covered by § 215(3). While the alleged wrongs underlying many § 1983 actions do in fact constitute the intentional torts with which § 215(3) is concerned, it must not be forgotten, as the Supreme Court itself has stressed on more than one occasion, that § 1983 has no precise counterpart in state law. *E.g., Wilson,* 105 S.Ct. at 1945; *Monroe,* 365 U.S. at 196, 81 S.Ct. at 488 (Harlan, J., concurring). A § 1983 suit, which seeks to remedy constitutional torts that may or may not also constitute common-law torts, affords redress for "a deprivation ... significantly different from each and more serious than .... a state tort." *Monroe,* 365 U.S. at 196, 81 S.Ct. at 488 (Harlan, J., concurring); *Pauk,* 654 F.2d at 862. § 1983 provides a remedy for far more than merely the intentional torts governed by § 215(3). While assault, battery, false imprisonment, etc. may, under certain circumstances, spell out a violation of § 1983, § 1983 may also be basis of claims premised upon racial discrimination, violation of First Amendment Rights, discharge or demotion without procedural due process, mistreatment of schoolchildren, deliberate indifference to the medical needs of prison inmates, seizures of chattels without advance notice or sufficient opportunity to be heard, bans on lawyer advertising, mandatory maternity leave, the right to vote, and differing age limitations as to legality

of sale of beer to males and females, to name only a few examples. *See Wilson,* 105 S.Ct. at 1946; Blackmun, *Section 1983 and Federal Protection of Individual Rights—Will the Statute Remain Alive or Fade Away?,* 60 N.Y.U.L.Rev. 1 (1985), and cases cited therein.

§ 1983, therefore, is far more than a federal intentional tort statute. Accordingly, § 214(5), New York's general personal injury statute, not § 215(3), provides the most analogous state of limitations for § 1983 cases commenced in New York.

For the reasons stated above, defendants' motions to dismiss plaintiff's amended complaint are denied.

SO ORDERED.