931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roberta HAMMOND, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-3183.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-89-133-4-CIV-H)
 Dolores J. Faison, Jacksonville, N.C., for appellant.
 Stuart M. Gerson, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., Margaret Person Currin, United States Attorney, Thomas P. Swaim, Assistant United States Attorney, Raleigh, N.C., John M. Sacchetti, Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Karen J. Aviles, Office of the General Counsel, Department of Health and Human Services, Baltimore, Md., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roberta Hammond appeals from the district court's order dismissing her civil action against the Secretary for failure to comply with the applicable statute of limitations. We affirm.
 
 
 2
 Hammond had until September 20, 1989, to file a complaint in federal district court. Her counsel contends that she traveled to the courthouse on that date to file the petition but was unable to do so because she lacked sufficient funds to pay the required filing fee. She further contends that car problems prevented her from subsequently filing the petition before October 3, 1989.
 
 
 3
 We agree with the district court's conclusion that the circumstances of this case do not warrant application of the doctrine of equitable tolling. The original period for filing a complaint ended in May 1989, but the Appeals Council granted Hammond a 60-day extension in July, resulting in the September 20 deadline. Particularly in view of this extension, counsel should have learned that she would have to pay a filing fee before coming to the courthouse. We also agree with the district court that counsel's car problems were irrelevant since they occurred after September 20.
 
 
 4
 Other courts have found attorney neglect to provide an insufficient basis for tolling a statute of limitations. See Ladson v. New York City Police Dep't, 614 F.Supp. 878 (S.D.N.Y.1985); An-Ti Chai v. Michigan Technological Univ., 493 F.Supp. 1137 (W.D.Mich.1980). Further, we note that Hammond has not alleged any misconduct by the government leading to a violation of her rights. See Bowen v. City of New York, 476 U.S. 467 (1986); see also Pittston Coal Group v. Sebben, 488 U.S. 105 (1988).
 
 
 5
 Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.