**Craig K. MISMASH, Plaintiff-Appellant,**

v.

**MURRAY CITY, a Municipal Corporation, Scott Robinson, Gary Reid, and John Does 1 through 20, Defendants-Appellees.**

**No. 82–1963.**

United States Court of Appeals, Tenth Circuit.

March 30, 1984.

Mary C. Corporon of Corporon & Williams, Salt Lake City, Utah, for plaintiff-appellant.

Allan L. Larson of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Craig Mismash was allegedly arrested and severely beaten without cause by Scott Robinson and Gary Reid, detectives on the Murray City Police Force. Asserting that this conduct denied him due process, Mismash brought this action under 42 U.S.C.

§ 1983 (1976) against Robinson, Reid, Murray City, and several unnamed police and city officials who may have authorized the acts complained of. The district court concluded that the suit was barred by the applicable statute of limitations and granted defendants' motion for summary judgment. We reverse.

The incident giving rise to this suit occurred on September 1, 1979. Mismash filed his complaint on August 21, 1981, more than one year and less than two years later. The district court applied the one-year limitations period provided by Utah Code Ann. § 78–12–29(4) (1953), which governs "[a]n action for libel, slander, assault, battery, false imprisonment or seduction."

■ Because Congress has not enacted a statute of limitations expressly applicable to section 1983 claims, the court must adopt the most analogous limitations period provided by state law. *See* 42 U.S.C. § 1988 (1976); *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). In *Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984) (en banc), decided this day, we considered the method by which an appropriate state statute is to be selected for section 1983 actions. We concluded as a matter of federal law that all section 1983 claims should be characterized as actions for injury to the rights of another. *See id.* at 650–51.

■ No Utah statute of limitations is expressly applicable to actions for injury to the rights of another. Under Utah law, personal torts other than those set forth in Utah Code Ann. § 78–12–29(4) (1953) are governed by the four year statute of limitations which applies to "[a]n action for relief not otherwise provided for by law," *id.* § 78–12–25(2). *See, e.g., Matheson v. Pearson*, 619 P.2d 321 (Utah 1980). Accordingly, we conclude that all section 1983 claims brought in federal court in Utah are subject to the four-year limitations period provided in Utah Code Ann. § 78–12–25. Under this statute, Mismash's suit was timely filed and the judgment for defendants must be reversed.

REVERSED AND REMANDED.