No. 85–794.   PREUIT & MAULDIN ET AL. *v.* JONES.   C. A. 11th Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

In *Wilson* v. *Garcia,* 471 U. S. 261 (1985), we held that an action under 42 U. S. C. § 1983 should be considered a personal injury action for purposes of borrowing an appropriate state statute of limitations.   The present case presents the question of what to

do when more than one state statute of limitations applies to personal injury actions.

Respondent in this case is an Alabama farmer who brought a § 1983 action against petitioners for allegedly violating his Fourteenth Amendment due process rights by causing his equipment to be seized pursuant to prejudgment attachment writs that petitioners obtained without notice or a hearing. The only significant issue on appeal was the appropriate statute of limitations to borrow from the Alabama Code. 763 F. 2d 1250 (CA11 1985). The Eleventh Circuit explained that its task of applying *Wilson* v. *Garcia, supra,* was complicated by the fact that Alabama has not one but two personal injury statutes of limitations. Alabama Code § 6–2–34(1) (1975) governs actions for "any trespass to person or liberty, such as false imprisonment or assault and battery," and has been interpreted by the Alabama courts as applying to actions for trespass. Alabama Code § 6–2–39(a)(5) (1975) governs "[a]ctions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section," and has been interpreted by the Alabama courts as applying to actions for trespass on the case. The Eleventh Circuit resolved its seeming dilemma in applying *Wilson* v. *Garcia* by reasoning that while not all § 1983 actions involve trespass, trespass is "the particular type of wrong that was most paradigmatic, the one category of wrongs that the legislators [who enacted § 1983] intended first and foremost to address." 763 F. 2d, at 1255. Accordingly, the court held that the 6-year statute of limitations provided by § 6–2–34(1), rather than the then 1-year statute of limitations provided by § 6–2–39(a)(5), should govern § 1983 actions in Alabama.[1]

The Eleventh Circuit's decision in this case conflicts with three en banc decisions by the United States Court of Appeals for the Tenth Circuit, all of which were companion cases to the decision we affirmed in *Wilson* v. *Garcia, supra.* In *Hamilton* v. *City of Overland Park, Kansas,* 730 F. 2d 613, 614 (1984) (en banc), cert. denied, 471 U. S. 1052 (1985), the Tenth Circuit rejected, for § 1983 purposes, use of the 1-year Kansas statute of limitations governing " '[a]n action for assault, battery, malicious prosecution, or false imprisonment,' " and instead chose the 2-year limitations

---

[1] Section 6–2–39(a)(5) has been recodified as § 6–2–38(l) (Supp. 1985) and now provides a 2-year statute of limitations, pursuant to an amendment effective January 9, 1985.

period for " '[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated.' " In *Mismash* v. *Murray City*, 730 F. 2d 1366, 1367 (1984) (en banc), cert. denied, 471 U. S. 1052 (1985), the Tenth Circuit similarly rejected use of the 1-year Utah statute of limitations governing " '[a]n action for libel, slander, assault, battery, false imprisonment or seduction,' " and, in the absence of an express Utah statute of limitations governing actions for injury to the rights of another, opted for the 4-year limitations period for " '[a]n action for relief not otherwise provided by law.' " Finally, in *McKay* v. *Hammock*, 730 F. 2d 1367, 1370 (1984) (en banc), a case in which certiorari was not sought, the Tenth Circuit noted that Colorado had distinct statutes of limitations for actions for trespass (one year) and trespass on the case (six years), and, finding the distinction between trespass and trespass on the case irrelevant to § 1983, opted instead to use the residuary 3-year period for " '[a]ll other actions of every kind for which no other period of limitation is provided by law.' "

As the foregoing cases demonstrate, the Tenth Circuit finds it inappropriate to borrow for § 1983 purposes a statute of limitations governing common-law trespasses, preferring instead to look for a statute more compatible with its characterization of a § 1983 action as "in essence an action for injury to personal rights." *Garcia* v. *Wilson*, 731 F. 2d 640, 651 (1984), aff'd, 471 U. S. 261 (1985). The conflict between the Tenth and Eleventh Circuits is evidenced with particular clarity in *Hamilton, supra,* where the statutes of limitations chosen and rejected are virtual mirror images of the statutes of limitations chosen and rejected in this case.

The conflict regarding the appropriate criteria for choosing a statute of limitations for § 1983 actions is not limited to the Tenth and Eleventh Circuits. In *Gates* v. *Spinks*, 771 F. 2d 916 (1985), the Fifth Circuit, expressly following the Eleventh Circuit's decision in this case, rejected a 6-year Mississippi residuary statute of limitations which governs negligence and strict-liability personal injury actions in that State, and instead decided that § 1983 cases should be governed by the 1-year limitations period governing "most, if not all, common law intentional torts." *Id.,* at 919. *Gates* v. *Spinks* is worth noting, not only because it is clearly inconsistent with the Tenth Circuit's decision in *Mismash* v. *Murray City, supra,* but also because it highlights an effect of following the Eleventh Circuit's decision in this case which is not obvious from the present decision: The § 1983 statute of limitations will

as a rule be shorter if based on a statute of limitations governing intentional torts than it would if based on a more general statute of limitations governing other personal injury actions.[2]

It will not do to argue, as respondent does in his Brief in Opposition 5–8, that no conflict is possible because each state statutory scheme is *sui generis*. It is conflicting principles, not variations in state statutory schemes, that have determined the statutes of limitations chosen for § 1983 actions in the Tenth Circuit on the one hand and the Fifth and Eleventh Circuits on the other.

The conflict between the Circuits presented by this case is not likely to disappear without guidance from this Court.[3] While the Tenth Circuit's characterization of a § 1983 action as one for injury to personal rights is arguably somewhat different from the personal injury characterization we adopted in *Wilson* v. *Garcia*, 471 U. S. 261 (1985), it seems doubtful that the Tenth Circuit will soon overrule its en banc decisions in *Hamilton, supra,* and *Mismash, supra,* in view of the fact that we denied certiorari in those cases after *Wilson* v. *Garcia* was decided. Had we considered those decisions inconsistent with *Wilson,* our normal course would have been to grant certiorari in order to vacate the decisions below and remand for reconsideration in light of *Wilson.* Since we did not see fit to call for the Tenth Circuit to reconsider those decisions, it is predictable that it will adhere to them, notwithstanding the conflicting decisions by the Eleventh and Fifth Circuits.

It is clear to me that the Court should provide further guidance to the lower courts on the issue here presented, and I see no benefit in delaying its resolution. While I understand the Court's re-

---

[2] The following is a sampling, which does not purport to be exhaustive, of statutes of limitations akin to those at issue in the present case. For each State, the first, longer statute of limitations governs actions described in language virtually identical to Ala. Code § 6–2–39(a)(5) (1975), and the second, shorter statute of limitations governs all of the following intentional torts: libel, slander, assault, battery, and false imprisonment. Minn. Stat. §§ 541.05 (6 years), 541.07 (2 years) (Supp. 1985); Mo. Rev. Stat. §§ 516.120 (5 years), 516.140 (2 years) (1978); N. C. Gen. Stat. §§ 1–52(5) (3 years), 1–54(3) (1 year) (1983); Okla. Stat., Tit. 12, §§ 95 (Third) (2 years), 95 (Fourth) (1 year) (1981); S. C. Code § 15–3–530(5) (6 years) (Supp. 1985), § 15–3–550(1) (2 years) (1976).

[3] Uniformity could also be achieved, of course, by congressional enactment of a uniform period of limitations for § 1983 actions. That course has much to commend it, but it is unacceptable, in my view, to delay resolving a conflict among the Circuits in the hopes that Congress will intervene.

luctance to return so quickly to the issue that we had hoped to lay to rest in *Wilson* v. *Garcia, supra,* I must respectfully dissent.