**Ronald GREEN, Plaintiff,**

**v.**

**Thomas A. COUGHLIN, III, et al., Defendants.**

**No. 85 Civ. 6057 (GLG).**

United States District Court, S.D. New York.

April 25, 1986.

---

Ronald Green, pro se.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for defendants; Arnold D. Fleischer, Asst. Atty. Gen., of counsel.

## OPINION

GOETTEL, District Judge:

In years past, when prisoners' civil rights cases were first beginning to clog the court calendars, state regulations were enacted to govern prison disciplinary proceedings. Presumably, these regulations would alleviate the flood of federal suits alleging due process violations in administering prison discipline. This laudable objective has never materialized. Instead, the passage of such state regulations has simply prompted additional suits claiming failure to follow state regulations. This is such a case.

*Background*

On January 16, 1984, while incarcerated at the Long Island Correctional Facility ("LICF"), the plaintiff was involved in two major disturbances. The first occurred at 4:00 a.m. in a mess hall. The plaintiff allegedly broke off a chair leg, brandished it in a threatening manner, and pushed over tables to block the doorways. The second incident occurred at 6:30 p.m. in a large reception room, where a group of inmates threw chairs at correction officers.

The plaintiff was charged with throwing a chair that struck a particular correction officer.

Correction officers at LICF prepared inmate misbehavior reports on the day of the disturbance. On the following day, the plaintiff was served with formal charges at Sing Sing Correctional Facility,[1] to which he had been transferred almost immediately following the LICF disturbances. The plaintiff was permitted to choose an employee to assist him at his disciplinary hearing. He met with the assigned correction counselor on January 18, 1984, and requested that several inmates be called as witnesses on his behalf. A hearing was held on January 20, 1986, before Captain Wayne Strack, Deputy Superintendent of Sing Sing. He denied the plaintiff's request for witnesses because those inmates had been involved in the same disturbance and were considered a threat to institutional safety and security. However, Captain Strack recessed the hearing and interviewed three of the plaintiff's witnesses individually.[2] No other witnesses were called. Relying on the inmate misbehavior reports filed by the LICF correction officers, Captain Strack found the plaintiff guilty of the charges of misconduct and assessed a substantial disciplinary penalty.

More than one and one-half years after the events in question, the plaintiff commenced the instant action.[3] He alleges three causes of action: (1) that his transfer to Sing Sing, and the manner in which the disciplinary hearing was conducted, violated his fourteenth amendment right to due process of law; (2) that he was subjected to cruel and unusual punishment in violation of the eighth amendment by virtue of the transfer and disciplinary proceedings; and (3) that the defendants failed to conduct the disciplinary hearing in accordance with state regulations. The plaintiff seeks $3 million in damages, and names the following defendants: Thomas A. Coughlin, III, Commissioner of Corrections;[4] Superintendent Sullivan, the Warden of Sing Sing; and Captain Strack, who conducted the disciplinary hearing.

On February 18, 1986, the plaintiff filed what amounts to a motion for summary judgment. He argues that Captain Strack's reliance on the correction officers' written reports was improper because the rules and regulations of the New York State Department of Correctional Services require the oral testimony of these officers.[5] He complains that the testimony of his witnesses was totally disregarded because they were all in the same disturbance, but notes that the officers who wrote the reports were likewise in the same disturbance and, thus, their evidence is entitled to no greater consideration. Finally, he alleges that his rapid transfer to a different facility was a "kidnapping."

The defendants have filed a cross-motion for judgment on the pleadings, arguing that (1) the action is time barred; (2) the complaint fails to state a claim upon which relief can be granted; and (3) neither the transfer nor the conduct of the disciplinary proceedings denied the plaintiff due process of law. We discuss each of these arguments below since, ultimately, they are dispositive of the action.

---

1. This facility was at one time called the Ossining Correctional Facility. We shall refer to it herein as "Sing Sing," since that name has apparently been readopted.

2. The witnesses stated that there had been quite a disturbance, but they were not responsible for it, nor did they know who led the disturbance. They did not see the plaintiff breaking up a chair, turning over tables, or striking any of the officers. They acknowledged seeing correction officers hit and knocked to the floor, with chairs bounding around and mace being sprayed, but claimed not to know who was responsible for these assaults.

3. The plaintiff is a prolific *pro se* litigant with several other cases pending in this court.

4. Commissioner Coughlin has the dubious honor of being named as a defendant in almost all prisoner civil rights suits.

5. The plaintiff asserts that someone should have at least telephoned the LICF correction officers to verify the written reports because the phone is "the next best thing to being there." Plaintiff's Notice of Motion at 3, ¶ 7.

*Discussion*

### 1. Statute of Limitations.

The defendants' first argument is the most difficult. No specific statute of limitations governs civil rights cases brought under 42 U.S.C. § 1983. Consequently, the courts have looked for the most analogous state limitations period. Previously, this Circuit selected New York's three year period for actions to recover upon a liability created by statute. N.Y.Civ.Prac.Law & R. § 214(2) (McKinney 1972). *See Pauk v. Board of Trustees*, 654 F.2d 856, 866 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). However, in *Wilson v. Garcia*, — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that the appropriate statute of limitations for all section 1983 cases is the state's statute of limitations for personal injury claims. *Id.*, 105 S.Ct. at 1947.

Some states have a single statute of limitations for personal injury claims. Others differentiate between intentional and negligent torts in establishing statutes of limitations. In the latter situation, several circuits, relying on *Wilson v. Garcia*, have determined that the statute of limitations governing intentional torts is the appropriate one to apply in section 1983 cases, because such actions are primarily predicated on intentional rather than negligent acts. *See Mulligan v. Hazard*, 777 F.2d 340, 344 (6th Cir.1985); *Gates v. Spinks*, 771 F.2d 916, 919–20 (5th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986); *Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1255–56 (11th Cir. 1985), *cert. denied*, — U.S. —, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986). The Second Circuit has not directly considered the issue. However, in *Villante v. Department of Corrections*, 786 F.2d 516, 520, n. 2 (S.D.N.Y.1986), the court noted in dictum that "the *general* personal injury tort limitations period, which seems to be what is mandated for section 1983 actions by *Wilson v. Garcia*, ... is ... three years in New York. N.Y.Civ.Prac.Law § 214 subd. 5." (Emphasis in original.) The *Villante*

court neither cited the recent Fifth, Sixth, and Eleventh Circuit cases, nor considered the rationale for applying the one year limitations period for *intentional* torts contained in N.Y.Civ.Prac.Law & R. § 215(3).

■ We believe that there is much to support the position taken by the other circuits. However, the solicitude shown toward prisoners' complaints in the Second Circuit leads me to conclude that this Circuit would not agree to a period of limitations as short as one year. Indeed, in *Pauk v. Board of Trustees of City Union of New York, supra,* the court held,

> A federal court, searching for an analogous state limitations period for a § 1983 suit, should not select any period shorter than the two years Congress has specified as the time within which notice must be given of claims against the United States for unlawful actions by federal law enforcement officers.

654 F.2d at 862. Consequently, I must deny the defendants' cross-motion to dismiss on the basis of the limitations period since the instant action was commenced within three years.

### 2. Failure to State a Claim for Relief.

■ Turning to the second defense, the defendants assert that, as to defendants Coughlin and Sullivan, the complaint fails to state a claim upon which relief can be granted because (1) neither was personally involved in the alleged deprivation of constitutional rights, and (2) the doctrine of *respondeat superior* is inapplicable. It is clear that Thomas A. Coughlin, III, the Commissioner of the New York State Department of Correctional Services, had no personal involvement in the proceeding at issue and must, therefore, be dismissed as a defendant. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1262, 55 L.Ed.2d 792 (1978). If Joseph Sullivan, the Warden of Sing Sing, had any personal involvement, it is not adequately alleged in the pleadings. The doctrine of *respondeat superior* will not impose liability on him absent his personal responsibility for the plaintiff's al-

leged injuries. *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Consequently, the action must also be dismissed as to Warden Sullivan.[6] This leaves defendant Wayne Strack, Deputy Superintendent of Sing Sing. Since any judgment against defendant Strack would almost certainly be paid by New York State, the action is virtually unaffected by the removal of the other defendants.

### 3. Plaintiff's Due Process Rights.

The defendants' third claim on their cross-motion addresses the substance of the complaint. We believe that many of the facts in this action are essentially undisputed.[7]

■ In considering the manner in which the disciplinary proceedings were conducted, we start with the well established principle that certain constitutional rights are subject to restriction and limitation when one is a prisoner. *Bell v. Wolfish*, 441 U.S. 520, 545–46, 99 S.Ct. 1861, 1877–78, 60 L.Ed.2d 447 (1979). Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 547, 99 S.Ct. at 1878. Only a shocking deprivation of fundamental rights warrants intervention by the federal courts in the administration of state prisons. *Baldwin v. Smith*, 446 F.2d 1043, 1044 (2d Cir.1971). The plaintiff received written notice of the charges against him, was assisted in preparing for the disciplinary proceeding, and was afforded a timely hearing. Although the procedures employed in a disciplinary hearing are not comparable to those available at trials in a court of law, "it is immediately apparent that one cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situation presented by a disciplinary proceeding in a state prison." *Wolff v. McDonnell*, 418 U.S. 539, 560, 94 S.Ct. 2963, 2977, 41 L.Ed.2d 935 (1974).

■ The plaintiff specifically objects to the failure to call the witnesses he requested. The Supreme Court has held that a prisoner has no constitutional right to call witnesses in his disciplinary proceeding when this may jeopardize institutional security. *Id.* at 566–67, 94 S.Ct. at 2979–80. The procedures employed here, in light of the attendant circumstances, were well within the discretion of prison administrators recognized in *Wolff*, and did not violate the plaintiff's right to due process under the fourteenth amendment.

■ The defendants do not contest that, following the disturbances at LICF, the plaintiff, and others, were hastily transferred to another institution. However, to categorize a transfer under such circumstances as a "kidnapping" is gross hyperbole. There is no constitutional right for a prisoner to remain at a particular prison facility. *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976); *Sher v. Coughlin*, 739 F.2d 77, 80 (2d Cir.1984). Prison officials have broad latitude in dealing with security problems in their institutions. Indeed, the Supreme Court recently noted,

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton

---

6. In opposing the cross motions the plaintiff argues that his appeal from the disciplinary actions was (or could have been) directed to Warden Sullivan and Commissioner Coughlin. He argues that by failing to grant his appeal they, too, violated his civil rights. By that reasoning, this Court will be named as a defendant in the plaintiff's next proceeding.

7. Since this case presents a civil rights claim, not an appeal from the disciplinary proceeding, we need not reach the factual question of whether the plaintiff actually participated in the prison disturbances.

pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick,* 481 F.2d 1028, 1033 (CA2) (Friendly, J.), cert. denied *sub nom[.] John v. Johnson,* 414 U.S. 1033 [94 S.Ct. 462, 38 L.Ed.2d 324] (1973). *Whitley v. Albers,* —— U.S. ——, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). Even viewed in the light most favorable to the plaintiff, the facts herein do not support an inference of wanton infliction of pain and suffering sufficient to constitute a violation of the plaintiff's eighth amendment right to be free from cruel and inhuman punishment. *Id.*

This leaves merely the claim that the defendants failed to comply with state regulations. Categorizing this claim as a civil rights violation simply cannot circumvent the sovereign immunity granted to state officials under the eleventh amendment when the state is the real or substantial party in interest. *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101–02, 104 S.Ct. 900, 908–09, 79 L.Ed.2d 67 (1984). The method for appealing state administrative proceedings that are irregular is through an Article 78 proceeding in state court, not a federal civil rights action.

*Conclusion*

Although the plaintiff's suit is not time barred, it must nevertheless be dismissed on other grounds. First, we find that the complaint fails to state a claim for relief against defendants Coughlin and Sullivan. Second, we find no violation of the plaintiff's eighth or fourteenth amendment rights. Finally, we lack jurisdiction over the plaintiff's claims of state law violations. Consequently, the plaintiff's motion for summary judgment is denied; the defendants' motion for judgment on the pleadings is granted, and the complaint is dismissed.

SO ORDERED.