No. 85–1641. MULLIGAN *v.* HAZARD ET AL. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE MARSHALL joins, dissenting.

In *Wilson* v. *Garcia*, 471 U. S. 261 (1985), we held that an action brought under 42 U. S. C. § 1983 should be considered a personal injury action for purposes of borrowing an appropriate state statute of limitations. Since our decision in that case, the Courts of Appeals have differed on whether *Wilson* should be given retro-

active effect.    In the present case, the Sixth Circuit held, without qualification, that *Wilson* should be given retroactive effect.    777 F. 2d 340 (1985).    The Courts of Appeals for the Fifth and Eleventh Circuits have reached similar results.    *Gates* v. *Spinks*, 771 F. 2d 916 (CA5 1985), cert. denied, 475 U. S. 1065 (1986); *Jones* v. *Preuit & Mauldin*, 763 F. 2d 1250 (CA11 1985), cert. denied, 474 U. S. 1105 (1986).    Two other Courts of Appeals, however, have determined that when retroactive application would shorten the statute of limitations, *Wilson* merits only prospective relief.    *Gibson* v. *United States*, 781 F. 2d 1334 (CA9 1986); *Jackson* v. *City of Bloomfield*, 731 F. 2d 652 (CA10 1984).    Although the Third and Eighth Circuits have applied *Wilson* retroactively in certain cases, it is unclear whether their holdings are designed to have universal application.    See *Wycoff* v. *Menke*, 773 F. 2d 983, 986–987 (CA8 1985); *Fitzgerald* v. *Larson*, 769 F. 2d 160, 162–164 (CA3 1985); *Smith* v. *City of Pittsburgh*, 764 F. 2d 188, 194–196 (CA3 1985).

In addition, the Courts of Appeals also have reached conflicting results concerning what should be done when more than one state statute of limitations applies to personal injury actions.    In *Hamilton* v. *City of Overton Park*, 730 F. 2d 613 (1984) (en banc), cert. denied, 471 U. S. 1052 (1985), and *Mismash* v. *Murray City*, 730 F. 2d 1366 (1984) (en banc), cert. denied, 471 U. S. 1052 (1985), the Tenth Circuit rejected, for § 1983 purposes, the state statute of limitations for intentional torts, and chose instead a State's residual statute of limitations.    See generally *Preuit & Mauldin* v. *Jones*, 474 U. S. 1105, 1106–1107 (1986) (WHITE, J. dissenting from denial of certiorari).    The Eleventh Circuit in *Jones* v. *Preuit & Mauldin, supra*, the Fifth Circuit in *Gates* v. *Spinks, supra*, and the Sixth Circuit in the present case, however, follow a different rule, and select the state statute of limitations governing intentional torts.

The Court's decision not to review the instant case marks the third time this Term that it has refused to address these differences that exist between the Courts of Appeals; differences that are not likely to disappear without guidance from this Court. Given the square conflicts among the Circuits, and the frequency with which these cases arise, I would grant the petition for certiorari in this case.