Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that the motion of defendant W.T.S. Farm Lines, Inc. for summary judgment on plaintiff's complaint be and it is granted.

IT IS FURTHER ORDERED that the motion of defendant International Harvester Credit Corporation for summary judgment on plaintiff's complaint be and it is granted.

IT IS FURTHER ORDERED that the motion of defendant International Harvester Credit Corporation for summary judgment on its counterclaim against plaintiffs be and it is granted. Defendant International Harvester Credit Corporation, n/k/a Navistar Financial Corporation shall recover Seventeen Thousand Six Hundred Twenty-three and 45/100 Dollars ($17,623.45) plus attorneys' fees of Six Thousand Dollars ($6,000) for a total of Twenty-three Thousand Six Hundred Twenty-three and 45/100 Dollars ($23,623.45). Plaintiffs shall pay the costs of this action.

**James SURAK, Plaintiff,**

v.

**Thomas COUGHLIN, III, Defendants.**

**No. 83 Civ. 4033 (JFK).**

United States District Court, S.D. New York.

Nov. 10, 1986.

Holmes & Tipograph, New York City, for plaintiff; Judith L. Holmes, of counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants; Douglas D. Aronin, Asst. Atty. Gen., of counsel.

## OPINION and ORDER

KEENAN, District Judge:

Plaintiff brings this action under 42 U.S.C. § 1983 for personal injuries allegedly sustained while an inmate at Ossining Correctional Center.

Defendant moves for an order pursuant to Federal Rules of Civil Procedure 12(b) dismissing the third amended complaint on grounds of failure to state a claim upon which relief can be granted, insufficiency of process and failure to commence the action against defendants Jackson, Smith, Danziger and Kaufman within the applicable statute of limitations period.

In opposition to defendants' motion, plaintiff claims that the Court granted plaintiff leave to amend the pleadings to name defendants, previously included in the caption as "unknown employees", in an order dated November 19, 1985. According to plaintiff, the complaint was subsequently amended and filed well within the allowable time provision. In addition, plaintiff argues, defendants were served within the three year time provision of the applicable statute of limitations governing federal civil rights actions. Thus, plaintiff concludes, the suit against all new defendants was not time barred by the statute of limitations.

For the reasons stated below, defendants' motion to dismiss the third amended complaint is denied.

### Background

Plaintiff alleges that on March 31, 1983 while incarcerated at Ossining Correctional Facility, he was forced to commit sexual acts by four other inmates. Subsequent to the attack, plaintiff filed a *pro se* complaint on May 5, 1983 pursuant to 42 U.S.C. § 1983 against defendant Thomas Coughlin, III, Commissioner of Department of Correctional Services and Wilson Walters (who was incorrectly identified as Superintendent of Ossining) alleging that the attack resulted from a failure of prison officials to protect him from other inmates. Plaintiff secured counsel of his own choos-

ing. An amended complaint was filed by plaintiff's attorney on June 5, 1984 clarifying the jurisdictional basis and the causes of action and adding as defendants Superintendent James E. Sullivan and unknown individuals. On October 19, 1984, a second amended complaint was filed in order to delete the allegation in the complaint referring to plaintiff's requested placement in protective custody.

On May 23, 1985, plaintiff moved for leave to amend the caption to include correctional officers from Ossining and medical personnel from various correctional facilities. The motion was granted and a third amended complaint was filed on October 28, 1985 alleging that the medical personnel at the correctional facilities did not provide adequate medical or psychiatric care subsequent to the rape and assault. The complaint included charges against an Officer Peterson, who was on duty before the alleged incident, and a Sergeant Robert Jackson who was on duty afterwards, stating that they had actual or supervisory responsibility for maintaining security and orderliness in "A" Block, where plaintiff was incarcerated. As a result of their failure to act, the complaint alleges, plaintiff was forced to commit sexual acts by four inmates. In addition, Coughlin and Sullivan (who had been named in the previous amended complaints) are alleged to be responsible for implementing rules and policies of the Department; for ensuring security in the institution and safety for inmates therein; and for providing proper medical and psychiatric treatment for inmates. Superintendent Sullivan has the additional responsibility according to plaintiff of ensuring that all correctional officers and their employees are properly trained to carry out their duties.

### Discussion

In this case the Court must determine the appropriate state statute of limitations for claims enforceable under 42 U.S.C.

§ 1983 when a state has not one, but two, personal injury statute of limitations.

Plaintiff and defendants agree that under *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 654 (1985), § 1983 claims are characterized as personal injury actions for statute of limitation purposes. New York, however, has two personal injury statutes: the three year period prescribed by New York C.P.L.R. § 214(5) governing personal injury claims based on negligence or strict liability and the one year period prescribed by C.P.L.R. § 215(3) that governs claims based on intentional torts. *Wilson* did not distinguish between intentional and negligent misdeeds under § 1983 and is silent with reference to what statute of limitations to choose when a state has two limitation periods for personal injury claims.

Plaintiff urges the court to apply the three year period prescribed by C.P.L.R. § 214(5). Plaintiff cites *Pauk v. Board of Trustees of C.U.N.Y.*, 654 F.2d 856 (2d Cir.1981), a pre-*Wilson* decision where the Second Circuit borrowed for § 1983 actions the three year statute of limitations, the reasoning being to promote the broad remedial purpose of § 1983.

Two lines of cases have been developed post-*Wilson* in various circuits as to the applicable statute of limitations in states with two personal injury statutes. The Eleventh Circuit in *Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1264 (11th Cir. 1985), *cert. denied*, — U.S. —, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986) held that the intentional tort statute of limitations applied to § 1983 claims. *Accord Mulligan v. Hazard*, 777 F.2d 340, 344 (6th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). The First Circuit held to the contrary and applied Maine's general statute of limitations for personal injury actions in *Small v. The Inhabitants of Belfast*, 796 F.2d 544 (1st Cir.1986), cited in *Rodriguez v. Chandler*, 641 F.Supp. 1292, 1297 (EW), (S.D.N.Y.1986).[1]

---

1. In addition, the statute of limitations for intentional torts was rejected in *Hamilton v. City of Overton Park*, 730 F.2d 613 (10th Cir.1984)

(en banc), *cert. denied*, 105 S.Ct. 2111 (1985) which applied instead a state's residual statute of limitations. *See Mulligan v. Hazard*, 106

In *Rodriguez v. Chandler*, 641 F.Supp. 1292 (EW), (S.D.N.Y.1986), Judge Weinfeld noted the conflict between the circuits when two personal injury statutes were available for borrowing purposes. Judge Weinfeld applied the three year general statute of limitations for personal injuries, N.Y. C.P.L.R. § 214(5), in order to effectuate the broad remedial purpose of § 1983. Judge Weinfeld stated that, although the Second Circuit has not reconsidered the issue since *Wilson*,[2] its only dictum on the subject indicates that in light of *Wilson* it would apply the general injury limitations period which the district courts have also been applying. *See Villante v. Dep't of Corrections*, 786 F.2d 512, 520 n. 2 (2d Cir.1986). Finally, Judge Weinfeld felt bound by the Second Circuit's consistent refusal to abandon its prior holdings and, therefore, decided to apply the three year limitations period to § 1983 claims.

*Green v. Coughlin*, 633 F.Supp. 1166, 1169 (S.D.N.Y.1986) another case decided after *Wilson*, also cites the following language from *Villante:* "The *general* personal injury tort limitations period, which seems to be what is mandated for section 1983 actions by *Wilson v. Garcia*, ... is ... three years in New York. N.Y.Civ. Prac.Law § 214 subd. 5." *Id.*, at 1169 (quoting *Villante v. Dep't of Corrections*, 786 F.2d at 520 n. 2).

Judge Goettel in *Green* noted that *Villante* did not consider the rationale for applying the one year limitations period for intentional torts nor did it cite the conflicting opinions of the other circuits. Although stating that there is support for the position taken in the other circuits, *Green* still held that a one year period of limitations is too short due to the solicitude shown toward prisoner's complaints in the Second Circuit. *Id.*

■ There is some uncertainty and conflict as to the required state of mind for a constitutional violation giving rise to an action under 42 U.S.C. § 1983, *see Davidson v. Cannon*, 106 S.Ct. 668 (1986). In any event, § 1983 is a remedy for violations of rights "secured by the Constitution and laws." 42 U.S.C. § 1983. As a result, even if intent may be required for certain constitutional violations, it may not be required to prove violations under other federal laws. In view of the broad remedial purpose of the statute and the lack of a specific analogous state statute of limitations for borrowing purposes, the Court agrees with Judges Weinfeld and Goettel that applying the one year intentional tort statute of limitations would unduly narrow the scope and purpose of § 1983. The personal injury statute of limitations, C.P.L.R. § 214(5), with a longer limitations period, reinforces the underlying federal interest served by § 1983 in remedying a "broad range of potential torts from personal injuries to infringements of individual liberty." *Wilson*, at 1948.

■ The Court therefore concludes that plaintiff's suit is not time-barred. In addition, the motion to dismiss on grounds of insufficiency of process and failure to state a claim must be denied. Defendants who were previously classified as "unknown defendants" and are now named in the third amended complaint were served during the permissible time period and therefore put on notice. In addition, defendants' argument that plaintiff exceeded the bounds of the court's authorization by amending the body of the complaint as opposed to amending only its caption is also unfounded. The court implicitly gave plaintiff leave to amend the body as well as the caption. Amending the caption, without including the additional defendants' names in the body, would have been a pointless exercise.

■ In order to succeed on a § 1983 claim for inadequate medical care, plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference

S.Ct. 2902, 2903 (1986) (White, J. dissenting), *denying cert. to* 777 F.2d 340 (6th Cir.1985).

**2.** This issue will be presented on appeal in *Okure v. Owens*, 625 F.Supp. 1568 (N.D.N.Y. 1986). Leave to appeal was granted on May 6, 1986.

to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In addition, in order to establish a violation of § 1983 on the part of corrections officers plaintiff must assert purposeful acts or a deliberate indifference to his safety which will amount to a violation of due process. *Daniels v. Williams*, 106 S.Ct. 662, 665 (1986). Plaintiff must also allege personal responsibility since defendants cannot be held liable for monetary damages under § 1983 under the doctrine of respondeat superior. *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.1973). A § 1983 claim against a prison official requires an allegation of his direct and personal responsibility for an unconstitutional act, which can be based on his awareness or acquiescence in the unconstitutional acts of his subordinates. *Tomarkin v. Ward*, 534 F.Supp. 1224, 1232 (S.D. N.Y.1982).

As to defendants Coughlin and Sullivan the complaint fails to allege any personal involvement as required under § 1983 and is therefore dismissed.

However, the facts and allegations asserted in the amended complaint specify acts and omissions sufficient to constitute a cause of action for which relief can be granted under § 1983 as to medical personnel and Sergeant Robert Jackson. The complaint against Officer Peterson is dismissed due to failure to serve.

### Conclusion

In accordance with the foregoing opinion, defendants' motion to dismiss is granted as to defendants Coughlin, Sullivan and Peterson and is denied as to the remaining defendants.