956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 C. SAMUEL WEST, Plaintiff-Appellant,
v.
Christine A. GODNICK, Dixie L. Minson, Tracey Hill, John and
Jane Does 1-25, Pamela Hunt, Defendants-Appellees.
 No. 91-4088.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 C. Samuel West, appeals from a dismissal of his 42 U.S.C. § 1983 and § 1985 action against Christine Godnick and Pamela Hunt, agents for the Utah Division of Professional Licensing, and Dr. Tracey Hill, Chair of the Unproven Medical Standards Committee (hereinafter "defendants"). The district court granted the defendants' motions to dismiss on three grounds: (1) West's claims were barred by the applicable statute of limitations; (2) West failed to state a claim under § 1985 because he failed to allege that he was a member of a protected class; and (3), defendants' were immune from liability arising from their testimony in a judicial proceeding.
 
 
 3
 West appeals and asserts that the district court committed reversible error by relying upon the wrong statutory provision to determine the applicable statute of limitations. The district court's ruling was based upon this court's opinion in Mishmash v. Murray City, 730 F.2d 1366 (10th Cir.1984), cert. denied, 471 U.S. 1052 (1985), which held that all § 1983 claims brought in federal court in Utah are subject to the four year statute of limitation.
 
 
 4
 We find no error in the district court's dismissal of the complaint. We have reviewed Mr. West's contentions on appeal as well as the Order Granting All Defendant's Motions to Dismiss of the district court and AFFIRM the dismissal of Mr. West's complaint for substantially the same reasons set forth in the district court's Order Granting All Defendant's Motions to Dismiss.
 
 
 5
 The appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3