5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Odan B. BOWMAN, Plaintiff-Appellant,
v.
COUNTY OF OKLAHOMA; Oklahoma County District Judges, County
Criminal District Judges; Judge Dennis; Judge
Humble; J.D. Sharp; Tom Petuskey,
Defendants-Appellees.
 No. 93-6176.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Odan Ben Bowman, appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's order dismissing his complaint against defendants Charles Humble and Clinton Dennis, Special Judges of the District Court of Oklahoma County, and defendant J.D. Sharp, Oklahoma County Sheriff, pursuant to Fed.R.Civ.P. 12(b)(6) and granting summary judgment for defendants Tom Petuskey, Oklahoma County Clerk and Oklahoma County, pursuant to Fed.R.Civ.P. 56.
 
 
 3
 In his 42 U.S.C. 1983 (1988) action, Bowman sought compensatory and punitive damages from each defendant in both their individual and official capacities as well as injunctive and declaratory relief. Bowman's claim was based on events allegedly occurring during his incarceration at the Oklahoma County Jail in connection with a fugitive from justice charge and an outstanding warrant from Dallas County, Texas. Bowman alleged that he was deprived of his right to counsel by the defendants, that he was not informed of his extradition rights, that he did not receive a full and fair extradition hearing prior to his transfer to the custody of Texas state officials, and that he lacked access to the law library.
 
 
 4
 On appeal, Bowman mainly contends that the district court erred: (1) by dismissing the complaint, (2) by failing to toll the applicable statute of limitations, (3) by not allowing him to amend the complaint, and (4) by denying him representation of counsel. Appellees respond that the complaint was properly dismissed because any injury suffered by Bowman took place prior to the commencement of the underlying action and that it was proper for the court not to toll the statute of limitations. Appellees further respond that Bowman was not entitled to amend his complaint after it was dismissed, as he failed to request leave to do so and, finally, that Bowman was not entitled to appointment of counsel in this suit. Appellees Dennis and Humble present the additional argument that they possessed absolute civil immunity for acts done in their judicial capacities, and therefore dismissal was proper on this basis alone. We agree that the district court properly dismissed Bowman's complaint and that Bowman was not entitled to toll the statute of limitations or amend his complaint.
 
 
 5
 "The sufficiency of a complaint is a question of law which we review de novo." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). In considering a Motion to Dismiss based on Fed.R.Civ.P. 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41 (1957). The court must presume that the plaintiff's allegations are true, and determine whether the facts alleged would entitle plaintiff to relief under any theory. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988); Morgan, supra at 978. Where the plaintiff appears pro se, the court must afford the complaint a more liberal treatment than that which would apply to a pleading prepared by an attorney. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). A pro se complaint should be dismissed only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 6
 Summary judgment pursuant to Fed.R.Civ.P. 56 may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making its determination, the court reviews the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party. Manders v. State of Oklahoma, 875 F.2d 263, 264 (10th Cir.1989). "Material facts" are those which "might affect the outcome of the suit under the governing law," and such facts are genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary are not considered. Id.
 
 
 7
 Where a complaint shows on its face that the applicable statute of limitations has expired, a motion to dismiss for failure to state a claim is appropriate. Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir.1980). Similarly, a motion for summary judgment may be granted where the undisputed facts establish that the statute of limitations has expired. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).
 
 
 8
 The complaint was filed on April 29, 1992. Bowman alleges that he was arrested in Oklahoma County on January 25, 1989. The events on which his claims are based occurred from this arrest date until he was extradited on May 1, 1989. Bowman's complaint is limited to the alleged actions or inactions by the various defendants during this time period.
 
 
 9
 Because there is no federal statute of limitations for a civil rights action, the time in which such action must be filed is determined by the applicable state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67, 280 (1985). The Court intended a broad application of the phrase "personal injury," and determined that "1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person." Springfield Township School Dist. v. Knoll, 471 U.S. 288, 289 (1985). Where the applicable state statute prescribes a limitations period for actions for "injury to the rights of another," that statute governs 1983 actions. Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988); Hamilton v. City of Overland Park, 730 F.2d 613 (10th Cir.1984), cert. denied 471 U.S. 1052 (1985); Mismash v. Murray City, 730 F.2d 1366 (10th Cir.1984), cert. denied 471 U.S. 1052 (1985). In a 1983 action governed by Oklahoma law, the appropriate statute of limitations is Okla.Stat.Ann. tit. 12, 95 Third (West Supp.1992), which prescribes a two-year limitations period for "an action for injury to the rights of another." Meade, 841 F.2d at 1523; see also Owens v. Okure, 488 U.S. 235, 242 n. 6 (1989).
 
 
 10
 In such cases, the cause of action accrues at the time the injury occurred. Meade, 841 F.2d at 1523. Thus a plaintiff must bring an action within two years of the date of that occurrence. However, the statute of limitations may be excused or tolled where the complaining party was not aware of the facts on which the claim could be based and the circumstances are such that the facts could not have been discovered at an earlier date through exercising reasonable diligence. Id.
 
 
 11
 Bowman asserts that the statute of limitations should be tolled. He contends that this action was delayed because he did not discover a purportedly forged Texas extradition warrant which ultimately resulted in his current incarceration until December, 1991. Bowman argues that, as a result, he could not reasonably have discovered the wrongful acts of which he now complains. In the alternative, Bowman argues that the statute of limitations should have been tolled because he was under a legal disability due to his incarceration.
 
 
 12
 Bowman's complaints against the various defendants are limited to occurrences while he was incarcerated in Oklahoma County in 1989. None of the claims required knowledge of the alleged forged extradition document and, in fact, Bowman does not allege that these had any role in the purported forgery. Clearly, Bowman had to have been aware of the actions or inactions upon which his current claims are based during the time in which those wrongs allegedly occurred. Bowman's inmate status is insufficient justification for tolling the statute of limitations because, whereas some states may have tolling provisions applicable to civil lawsuits filed by prisoners, Oklahoma has no such provision. See, Hardin v. Straub, 490 U.S. 536, 540 n. 8 (1989).
 
 
 13
 The allegations in the complaint as well as the undisputed facts established that the applicable two-year statute of limitations had expired and that Bowman knew or could have discovered the facts upon which his current claims are based within the limitations period. The events on which Bowman's complaint was based occurred between January 25, 1989 and May 1, 1989. The complaint was not filed until April 29, 1992 and therefore was not timely brought. Thus, the district court was correct in refusing to toll the statute of limitations.
 
 
 14
 Bowman contends that the district court erred by not allowing him to amend his complaint once it was dismissed. A plaintiff cannot amend a dismissed complaint as a matter of right since the right to amend without leave ends with the entry of a judgment dismissing the action. Thereafter, the filing of amended pleadings is within the sound discretion of the court. O'Bryan v. Chandler, 352 F.2d 987, 990 (10th Cir.1965), cert. denied 384 U.S. 926 (1966). Bowman did not seek leave to amend upon the dismissal and has failed to establish how amending his complaint would have affected the district court's decision to dismiss.
 
 
 15
 Because Bowman's claims are barred by the two-year statute of limitations, we need not reach the appointment of civil counsel or the absolute immunity issues.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3