Terry WHITEHAT, Plaintiff,

v.

**COLLEGE OF EASTERN UTAH, Defendant.**

No. 2:00–CV–243K.

United States District Court,
D. Utah,
Central Division.

Aug. 29, 2000.

Mr. Erik Strindberg, Cohne Rappaport & Segal, Salt Lake City, UT, Eric P. Swenson, Salt Lake City, UT, for Plaintiff.

Debra J. Moore, Bless S. Young, Bart Kunz, Utah Attorney General's Office, Litigation Unit, Salt Lake City, UT, for Defendant.

## ORDER

KIMBALL, District Judge.

This matter is before the court on defendant's Motion to Dismiss the plaintiff's

---

claims alleged under Title VI and Title VII section 1983 on the basis that they are time barred. A hearing was held on this matter on Friday August, 25, 2000. The defendant was represented by Bless Young. The plaintiff was represented by Bryan Roberts, Eric Swenson and Erik Strindberg. Oral argument was heard and the matter was taken under advisement. The court has considered all pleadings, memoranda, and other materials submitted by the parties. The court has further considered the law and facts relevant to the parties' motions. Now being fully advised, the court enters the following order.

## I. Background

This case arises out of a Complaint filed by the plaintiff alleging employment discrimination by the defendant based upon race and ethnic origin under Title VII of the Civil Rights Act; a claim for racial discrimination under 42 U.S.C. § 1983; a claim for racial discrimination in federally funded programs under Title VI of the Civil Rights Act: and a supplemental jurisdictional claim under state law for a violation of an implied contract. The defendant has moved to dismiss plaintiff's Third and Fourth Claims for relief on the basis that the statute of limitations has run and that the College of Eastern Utah ("CEU") is not a person that can be sued under 42 U.S.C. § 1983.[1]

## II. Discussion

The parties agree that neither Section 1983, nor Title VI, specify a filing deadline in the text of the statute and that Congress has not provided one elsewhere. Thus, as a result, courts are required to "borrow" a state statute of limitations pursuant to 42 U.S.C. § 1988. *See Mismash v. Murray City,* 730 F.2d 1366, 1367 (10th

Cir.1984). The dispute at hand is over which is the appropriate state statute from which to "borrow" a statute of limitations period. The plaintiff argues that this court should look to Utah Code Ann. § 78–12–25(3) which provides a four year statute of limitations "for relief not otherwise provided by law". This statute was adopted by the Tenth Circuit by the *Mismash* court in 1984. However, in response to this the Utah State Legislature, in 1987 enacted § 78–12–28(3). This statute provides a two year statute of limitations "for injury to the personal rights of another as a civil rights suit under 42 U.S.C. § 1983".[2]

In 1994, the Tenth Circuit held that the four year statute of limitations as set forth in § 78–12–25(3) was still the appropriate statue for § 1983 actions.[3] *See Arnold v. Duchesne County,* 26 F.3d 982 (10th Cir. 1994). In reaching this conclusion the court held that "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *citing Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Tenth Circuit went on to hold that *"Owens* therefore implicitly endorsed, for section 1983 actions in Utah, this court's earlier selection of Utah's four-year residual statute of limitations applicable to actions 'for relief not otherwise provided for by law' ". *See Mismash.* The court noted that § 78–12–28(3) is the only statute in the country that provides an explicit limitation period for section 1983 actions. The court held that the statute specifically targeted section 1983 actions and that the limiting principle was not consistent with the purpose and nature of section 1983. "Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining

---

1. The plaintiff has requested leave to Amend his complaint in order to add individual defendants. The leave to amend is granted thus mooting the issue that CEU is not a person that can be sued under 42 U.S.C. § 1983.

2. For purposes of this motion to parties agree that plaintiff's cause of action arose on May 3, 1997. The Complaint in this matter was filed

on March 17, 2000. Within the four year statute of limitations, but outside the two year statute of limitations.

3. The parties agree that the law is clear that the same statute of limitations "borrowed" for section 1983 actions would also apply to Title VI and Title VII actions.

and characterizing the essential elements of a federal cause of action" and further, the borrowed statute should not discriminate against the federal civil rights remedy. *See Id.* at 986 *citing Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

In 1997, in response to *Arnold* the Utah State Legislature amended § 78–12–28(3) to read as follows: "[i]n causes of action against the state and its employees, for injury to the personal rights of another if not otherwise provided by state or federal law". The defendant argues that the 1997 amendment corrects the defects of the statute as addressed by the *Arnold* court. Defendant argues that the amended statute .does not "specifically and exclusively target section 1983 actions," and therefore does not "usurp the role of federal law in characterizing such actions." *Arnold* at 986–87. Defendant argues that because the statute is facially neutral it is the appropriate statute to "borrow" for section 1983 actions.

The plaintiff argues that the Tenth Circuits analysis in *Arnold* still applies to the amended statute. Plaintiff argues that the Utah legislature, obviously reacting to *Arnold,* simply changed the statute by dropping the direct reference to Section 1983 and reducing the deadline for actions brought against the State and its employees "for the personal rights of another if not otherwise provided by state or federal law" to two years. However, the statute's emphasis on actions against the State and its employees for injury to the personal rights of another is an obvious tell-tale sign that the legislature continues to target section 1983 actions for a two year limitations period. *Arnold* unequivocally

stated that only if the statute was neutral and applied to all personal injury and injuries to personal rights, not just those. against the state or its employees, would it be an acceptable limitations period for Section 1983 actions. *See Id.* at 988.

This court agrees with the plaintiff that the analysis of the Tenth Circuit in *Arnold* still applies to the 1997 amendment to § 78–12–28(3). The statute specifically refers to personal injuries against the State and its employees, and it is clear to this court that the Utah legislature intends the statute to apply to section 1983 actions exclusively. Although the court finds this to be a close case, particularly in light of the Sixth Circuit's opinion in *Sevier v. Turner,* 742 F.2d 262 (6th Cir.1984), the court finds that the 1997 amendment does not cure the defects pointed out by the Tenth Circuit in *Arnold.*[4] For this reason, the applicable statute of limitations is the four year statute set forth in § 78–12–25(3) and the filing of the Complaint on March 17, 2000 was within the four year statute of limitations.

For the reasons stated herein, it is hereby ORDERED that defendant's Motion to Dismiss is DENIED. Each party is to bear its own costs.

---

**4.** In *Sevier,* the Sixth Circuit allowed a Tennessee statute of limitations that conferred a one year statute of limitations "for compensatory or punitive damages, or both brought under the federal civil rights statutes..." Tenn.Code Ann. § 28–3–104. Although this statute is the most closely analogous statute to the Utah statute that this court has been able to find, it still does not limit the limitations period to section 1983 actions by including the language regarding the "State and its employees". This court believes that the Sixth Circuit decision is distinguishable from the one at hand on these grounds.